Opinion of the court, by
Judge Sherman :
The bill, in this case, is filed to enforce a decree of this court, rendered in the case of Pearson v. S. R. Miller, as guardian of D.E. A. Strong and others, children and heirs of Elijah Strong, deceased, charging the rents of certain real estate with the payment of the balance duePearson for improvements made thereon. Itis carefully framed, to avoid bringing into litigation the matters controverted in the former suit. The defendant, D. E. A. Strong, the only party in interest, seeks to avoid the effect of the former decree by ■showing that Miller was not, at the time of filing the bill by Pear-con, his guardian, and that he attained his full age before that decree was pronounced ;• and upon this plea, and the replication thereto, the question is made, whether the decree against Miller is conclusive and ought to be enforced against the defendants without ■reference to the facts upon which it is was founded.
It is a general rule, that upon a bill to carry a decree into execution, the court will not, unless under special circumstances, examine the justice of the decision or the law of the decree; but, if the case be proper for their interference, will specifically execute •the decree. .There are cases whore this rule has been relaxed and the decree been varied, if, upon examining the proofs taken in the cause, wherein the decree was made or the directions given, a mistake has been discovered. Johnson v. Northy, 2 Ver. 409; West v. Skip, 1 Ves. 245.
*It ought to be observed, that at the time of filing the bill ■against Miller, in which the decree now sought to be enforced was rendered, all the defendants to this suit were in esse, claiming the *378 same rights to and interest in the rents in question as they do-now, with the exception that D. E. A. Strong, one of the defendants, purchased, during the pendency of the former suit, the adverse claim of Hinde and wife to the lot out of which the suits in controversy arise.
If this decree should be enforced against the defendant, D. E. A. Strong, it would have the effect of incumbering his property with the payment of a large sum of money, on the ground that Miller, his guardian, had so subjected it, during his minority, without his ever having had an opportunity of showing either that Miller was not, in fact, his guardian at the time the supposed contract for building was entered into; or, if his guardian, no such contract was made, or any other matter going to impeach the justice or legality of the decree now sought to be enforced.
The extent of the power of the statutory guardian over the real estate of his ward, and how far he can lawfully incumber it for improvements or other purposes, it is unnecessary to consider in this case; for, if the power of the guardian be admitted to the extent claimed by the complainants, but has been so defectively executed as to render it necessary for the party claiming, under the act of the guardian, to resort to a court of chancery to charge the estate of the ward, it is proper that the ward should be a party to such suit; and a decree obtained against the guardian, as such, in a suit where the ward was not a party, would not be conclusive upon him. In those cases, where the legal right of the guardian is unquestioned, as to sell the personal property of the ward for his support and maintenance, and the contract-of the guardian has been executed by the sale and delivery of such personal property to a bona fide purchaser, the sale would be binding upon the ward, and the property would vest in such purchaser without his being at all answerable to the ward for the faithful application of the purchase money. But if the contract of the guardian be executory, and it became necessary to resort to a court of chancery for its execution, the ward ought to be made a party to such *suit; and any decree obtained against a guardian, in a suit in which the ward was not joined, would not be conclusive upon him nor enforced against him upon a subsequent bill founded only on such decree against his guardian.
But whatever might be the effect of a decree against the guardian of an infant, in his character of guardian, upon the estate of his *379 ward, the pleadings in this case show that this relation did not', exist between Miller and the defendant, D. E. A. Strong, at the-time of filing the original bill by Pearson nor at any time during-the progress of the suit to its final termination, by the decree now sought to be enforced. Miller was not, at the commencement of that suit, or ever after, the guardian of D. E. A. Strong, and although he suffered the suit to proceed against him as such guardian, without objection or disclosing the fact of his not being' such guardian, neither his silence nor unauthorized acts, however-fraudulent and injurious to the complainants, can prejudice, much-less conclude the rights of the defendant.
If D. E. A. Strong, after he arrived at full age, having a knowledge of the facts, had recognized and sanctioned the act of Miller in pledging the rents accruing from the city lot toward the payment of the improvements made thereon by Pearson, under the-contract of 1817, it would be obligatory on him, and a court of chancery would enforce the contract against him. But this fact can not aid the complainants in this case, their bill being avowedly framed to charge the rents, on the ground of the decree against. Miller, as his guardian, and not upon the contract of 1817, the improvements made by Pearson, and the recognizing that contract by the defendant, D. E. A. Strong, after he arrived at full age.
The decree is against Miller, as guardian of the heirs of E.. Strong, deceased, and subjects the rents of. certain real estate, belonging to those heirs, to the payment of a large sum of money, those heirs not being parties to the suit in which the decree was-made. During the pendency of that suit the interest of all the heirs was vested in D. E. A. Strong, who had attained full age at the time of the rendition of the decree against Miller, and is now the only *one of the heirs of E. Strong, deceased, interested in the lot, the rents of which are charged with the payment of the-claim of Pearson. Miller, the sole defendant in the former suit, although there described as the guardian of D. E. A. Strong, was-not, in fact, at that time his guardian. To consider, under these facts, the decree rendered against Miller, as guardian, conclusive upon the rights and interests of D. E. A. Strong, would be manifestly subversive of some of the plainest and most obvious principles of law and justice. It would be directly adjudicating upon' the property of an individual without giving him an opportunity of being heard, and that upon a pretense which is shown to be- *380 false; for it is evident that the defendant, D. E. A. Strong, the only person claiming title to the property, the rents of which are .-affected by the decree, has never had an opportunity, directly, by himself, or indirectly, by his guardian, to object to the claim of Pearson, to have the rents applied in discharge of the debt due him for the improvements he made.
If D. E. A. Strong had been made a party to the suit of Pearson against Miller, it would clearly have been competent for him to have shown that Miller was not, at the time when the contract to pledg?e the rents was entered into, his legal guardian, or otherwise authorized to act for him, or in any manner incumber or dispose •of his estate. If this decree could be enforced against him, because rendered against one called his guardian, without inquiry into its merits or the facts upon which it was founded, he would be forever concluded from showing that Miller was not in fact his .guardian. This consequence may also result: that an entire stranger, by assuming the name and character of guardian of a minor, may dispose of the personal property, and incumber the real estate of such minor, in such manner as to be binding and conclusive, and the infant be driven to seek a compensation from the intermeddling stranger for the injury he may have sustained.
Whatever, therefore, may be the extent of Pearson’s equitable lien upon the property of the defendant, D. E. A. Strong, to be reimbursed the amount of his expenditures, for lasting and valuable improvements made on said property *in pursuance of the contract of 1817, with Miller, as the guardian of the heirs ■of E. Strong, deceased, the matter contained in the first plea of the defendant, D. E. A. Strong, is a legal bar to the relief sought by the complainants in this bill, framed', as it is, upon the supposition that the decree in the suit against Miller, as guardian, is conclusive upon the defendants, and seeking only to enforce that decree; and that the legal effect of this plea is not changed by anything contained in the replication thereto.
Upon the question growing out of the second plea of the defendant, E. E. A. Strong, the court have never entertained a moment’s ■doubt, E. Strong, the ancestor of the defendant, E. E. A. Strong, was in possession, and claimed title to the lot in question. Upon his death it descended to his heirs at law. A part thereof was sold by the court of common pleas, as his real estate, for the benefit of bis heirs; the residue, improved by Miller as guardian-of those *381 heirs, leased by him, as such guardian, for a term of years, and' the lessor still continues in possession under the lease. If Miller, as guardian of the heirs, was legally empowered to improve the property (a question not made in this ease), and to give a lien upon the accruing rents for the payment of the costs of those improvements, it is not competent for the heirs, by the purchase of a paramount title, to defeat the previous lien, legally acquired.
If Miller had no anthority to incumber the estate, his act of pledging the accruing rents would be inoperative and void. But if he was authorized to incumber it, bis act must be considered as ■ the act of the heirs, equally binding upon them as if they, being of full age, had incumbered it; and it can not be permitted for a party creating a lien on an estate to defeat that lien by any act of his own. It has, upon this principle, been held that a mortgagOR can not defeat the lien of the mortgagee by the purchase of a paramount title to the mortgaged premises. It would also be unjust,, while the defendant is in the enjoyment of the rents and profits of' the estate inherited from his ancestor, to compel the complainants to litigate the validity of the title of a stranger in order to enforce a lien created by the defendant.†

Note bt the Editor. — What acts of guardian bind ward, etc., see also,, for late cases, xiv. 228; xv. 655.