## ACTION AGAINST A LUNATIC FOR TORT.

Circuit Court of Cuyahoga County.

MINNIE STANKUS V. THOMAS KEIPER, AS GUARDIAN OF MARTIN KEIPER, AN INSANE PERSON.

Decided, December 28, 1908.

An action for a tort committed by a lunatic must be brought against the lunatic himself; it will not lie against his guardian alone.

*Wm. H. Miller*, for plaintiff in error.
*Hitchcock, Morgan & Fackler*, contra.

MARVIN, J.; HENRY, J., concurs; WINCH, J., not sitting.

The petition in this case alleges that the defendant is the duly qualified and acting guardian of Martin Keiper, who is an insane person, and that as such guardian the defendant was and is "in possession of and chargeable with the person and estate of his ward." It then proceeds in these words:

"That upon the 27th day of March, A. D. 1905, the said Martin Keiper with force and arms committed an assault upon the plaintiff for the purpose and with the intent to then and there commit a rape upon her; and that by reason of the said assault, she the said plaintiff then and there being in a delicate state of health by reason of pregnancy, she was bodily injured, her nerves shattered, and her health ruined; that as a reason of the said assault she has been permanently injured and damaged in the sum of ten thousand dollars ($10,000), for which she prays judgment against the defendant as guardian and for her costs."

The answer admits the guardianship and denies every other allegation of the petition.

Upon motion of the defendant, the court rendered judgment in favor upon the pleadings, and for this the plaintiff prosecutes error here.

The journal entry in the court below is peculiar and read as follows:

"This cause came on to be heard upon the pleadings and the motion of the defendant for a judgment thereon; and upon due consideration thereof, the court finds that on the pleadings the answer of the defendant is a valid defense to the cause of action set forth in the petition, and said motion is granted. It is therefore considered that said defendant go hence without day and recover of said plaintiff his costs herein. Judgment is rendered against the plaintiff for her costs herein."

The reason given in this entry is wholly insufficient to justify the judgment; the answer being a general denial required no reply, and left the issue squarely to be tried, if the petition made any allegations which, unanswered, entitled her to relief against the defendant. We find, however, that it contained no such allegations, the ward not being joined as defendant in suit.

If the allegations of the petition are true the suit should have been against the ward.

The case of *Johnson* v. *Pomeroy*, 31 O. S., 247, is cited by plaintiff because of this language in the opinion, found on page 249:

"The estate of an insane person passes to his guardian by relation, as of the date of the adjudication of insanity, as in the

case of a deceased person, it passes to the executor or administrator as of the date of the death.''

From this is is argued here, that since in the case of a claim against the deceased person suit would have to be brought against the administrator or executor, for the same reason a claim against the ward should be sued against the guardian. This reasoning is not sound. In the one case there is but one person who can be sued, to-wit, the representative; in the other case there is a person to be sued, the one against whom the claim exists. True, his estate is under control of another, and out of this estate whatever judgment is obtained must be paid, but it must be paid because it is established against the debtor himself.

In a suit for damages, either upon a contract or for a tort, whether it be for a claim against an insane person, is not a suit against an estate, it is in either case a suit against a person. And, as already said, since in the one case there is but one person who can be sued, to-wit, the administrator or executor, he is the one necessarily to be sued, while in the other case the very person against whom the claim exists is *in esse,* he is the ''real person in interest,'' and is therefore the one and the only one against whom judgment can be obtained.

In *Johnson* v. *Pomeroy, supra,* it is said in the opinion on page 248, that:

''An insane person may be sued and jurisdiction over his person acquired by the like process as if he were sane.''

In *Este* v. *Strong,* 2 Ohio, 405 (Century Annotated Edition), it is said in the first clause of the syllabus:

''A ward will not be bound by a decree affecting his property where the guardian was a party to the suit but not the ward.''

In the case last cited the court points out in the opinion the necessity of making the ward a party, that he may have his day in court, otherwise, as is there said, the ward is deprived of showing that the one claiming to be, or who is sued as guardian, is not in fact such, or whatever fact might be a complete defense which the guardian might fail to make.

In *Morgan* v. *Hoyt*, 69 Ill., 489, it is held, that conservators can be sued for a claim against their wards, but this is put distinctly upon the ground that the statute expressly authorizes such suit to be brought.

In *Coombs, Guardian,* v. *Janiover,* 31 New Jersey Law, 242, it is held that:

"A suit will not lie against the statutory guardian of a common drunkard on a note made by such drunkard prior to his appointment of the guardian. The suit in such case must be against the ward."

And in the opinion, page 242, it is said:

"The statutes place the drunkard, with regard to his relation to his guardian, very much on the same footing with the lunatic, and the legal status of the latter is well defined. Lunatics can sue and be sued and the suits must be prosecuted and defended in their own names."

In the same opinion, the court, speaking of the claim made for a contrary opinion says:

"It was also suggested that relationship between these parties resembled that of an administrator and decedent. But there is not a word in the act which would justify the conclusion that the drunkard was to be regarded as *civiliter mortuus.*"

And again speaking of the guardianship of a lunatic, the court says:

"It has never been supposed that such a guardianship absolutely absorbed the personality of the ward."

In *Rodgers* v. *Ellison,* 19 Tenn., 88, it is said in the syllabus:

"An action at law can not be sustained against a person in the character of guardian of a lunatic without joining the *non compos* in the action as a party defendant."

The opinion of the court in this case covers the present case completely, and in part reads:

"The question raised by the record in this case, and discussed at the bar, is whether the guardian or executor of a luna-

tic can be sued in an action at law, in that character, without joining in the action, as a party defendant, the lunatic himself? It is well settled in England, that at law the *non compos* himself must be a party plaintiff when suing, and a party defendant when sued.

"Upon this question there has never in their courts been any controversy whatever. As to the property of the lunatic, the guardian being but a steward, bailiff, or agent, it does not vest in him, but remains, so far as title is concerned, in the lunatic himself.

"The formal service of process, indeed, upon one deprived of his reason, may appear not without some degree of absurdity. But that he should be a party, so that the judgment may be rendered against him, and the execution issue against his estate, involves not only no absurdity, but is very proper and necessary. To render the judgment against the guardian, and issue the execution against his estate, would involve in it no absurdity only, but injustice."

We reach the conclusion that the judgment of the court below was right, though not for the reason given in the journal entry, but because no case was made in the petition against the defendant. The judgment is therefore affirmed.