SECURITY PACIFIC FINANCIAL SERVICES, INC. *v.* DUNCAN ET AL.

(No. 88-CVF-154 — Decided June 1, 1988.)

Tiffin Municipal Court.

*Michael B. Lange,* for plaintiff.

*Richard B. Hauser,* for defendant Darrell Duncan.

*Anita* and *Anna Mae Duncan, pro se.*

DANIEL, J.   This matter came on to be heard upon the motion of the defendant, Darrell Duncan, to dismiss the complaint due to his mental incompetency as evidenced by an uncertified copy of an order from the Huron County Probate Court appointing the defendant's mother as his guardian. The defendant argues that he is without capacity to be sued and that his guardian should be made a party defendant instead of him. The defendant also argues that he was incompetent to contract with the plaintiff and therefore cannot be found liable on the contract, which is an unsecured promissory note.

While it is true that a person adjudicated mentally incompetent is without capacity to sue, it does not necessarily follow that he is without capacity to be sued. An incompetent person can be made a party defendant in a civil action. Civ. R. 17(B) recognizes this fact when it authorizes an incompetent person's guardian to defend on his or her behalf. Civ. R. 55(A) also recognizes this fact in prohibiting judgment by default against an incompetent person unless he or she is represented in the action by a guardian who has appeared in the case.

Not only is it possible to make an incompetent person a party defendant, it is essential if the plaintiff hopes to look to the incompetent person's assets to collect upon a judgment in favor of the plaintiff. *Este* v. *Strong* (1826), 2 Ohio 401; *Stankus* v. *Keiper* (App. 1908), 16 Ohio C.C. (N.S.) 73, 25 Ohio C.D. 4. The incompetent person's guardian is a proper additional party, but is not a necessary party. *Stuard* v. *Porter* (1908), 79 Ohio St. 1, 85 N.E. 1062. Regardless of whether the guardian has been made a party, the guardian has a duty under R.C. 2111.14(C) to appear for the defendant in the action and defend it, or cause it to be defended.

The defendant's defense of incapacity to contract is an affirmative defense which may be raised in a motion for summary judgment or at trial based upon properly presented evidence. The evidence has not been properly presented in the motion to dismiss, nor is the question of liability as simple as the defendant suggests. An incompetent person may be liable on a promissory note if it is given for necessaries, or if it is given for other adequate consideration or benefit furnished to the incompetent person in good faith without knowledge of his or her incompetency, to the extent of the value of the consideration furnished. *Hosler* v. *Beard* (1896), 54 Ohio St. 398, 43 N.E. 1040.

The defendant's motion is overruled.

*Motion overruled.*