### JAMES MORGAN *et al*

#### *v.*

### RILEY W. HOYT.

1. INSANE PERSONS—*allowance of claims against estate.* There is no statute authorizing the allowance of claims against the estate of an insane person in the hands of his conservator, and the allowance of the same in the county court will be a nullity.

2. SAME—*remedy of creditor.* The proper remedy of a creditor of one who is adjudged to be insane, is by suit against the conservator as his representative, under which the creditor may have any property of the insane person sold under execution.

3. SAME—*liability of conservator on his bond.* Where a conservator of an insane person has presented his final report to the county court, which is approved, and turns over all the property in his hands to such person after his recovery, and is discharged, he will not be liable to an action on his bond by a creditor of such person for not paying the debt owing to such creditor.

490        MORGAN *et al. v.* HOYT.        [Sept. T.

Opinion of the Court.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

This was an action of debt, brought in the name of Riley W. Hoyt, for the use of Edward S. Joslyn, against James Morgan, Albert Lay and Perry Hannah, upon the bond of Perry Hannah as conservator of William W. Merrill, an insane person. The opinion of the court states the facts.

Messrs. BOTSFORD, BARRY & LOVELL, for the appellants.

Mr. E. W. VINING, and Mr. J. W. RANSTEAD, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a suit commenced in the circuit court of Kane county, by appellee against appellants, on a conservator's bond.

The cause was heard before the court, a jury, by agreement, having been waived. On hearing the evidence, the court rendered judgment against appellants for $35.50, the full amount claimed.

The record discloses these facts: Perry Hannah was, on the 22d day of August, 1865, appointed, by the county court of Kane county, conservator of William W. Merrill, an insane person. On the 22d day of December following, appellee presented to the county court an account against Merrill, of $25. The conservator appeared, waived summons, and the court allowed the claim in the same manner that claims are allowed against the estates of deceased persons, and made an order that it should be paid in due course of administration.

The conservator filed an inventory of the property of the insane person, in the county court, which was approved. He rendered two accounts of his doings as conservator, which were approved. His final report showed that he had received $824.51, and had paid out $926.09, and charged nothing for his services.

The record further shows that Merrill became sane, and the conservator turned over to him all his property and effects, and was, by the county court, discharged as conservator.

There is no pretense that the conservator in any manner wasted or mismanaged the property of Merrill.

Appellee insists that it was the duty of the conservator to pay his debt, and as he failed, an action has accrued on his official bond.

The law required the conservator to make a true and perfect inventory of the estate of Merrill; to render an account to the judge, when required; to apply the income of the property to the support of Merrill and his family, and to return the property to him when he became sane.

All of these things the conservator did. The statute gives the conservator the power to collect all debts due, to institute suits for that purpose, and to adjust and settle all debts against the insane person. The statute nowhere, in terms, makes it a duty of the conservator to pay debts, but if it was conceded to be the duty of the conservator to pay debts, he and his sureties could not be held liable on their bond, unless he had money in his hands for that purpose.

The report of the conservator, which was approved by the court, shows that he paid out all the money he received in supporting Merrill's family, and for medical aid for Merrill, and court expenses. But appellee insists he has an action on the bond, because one condition of the bond requires the conservator to perform the duties required by law, and the statute authorized him to sell property to pay debts.

The conservator has power to sell property to pay debts, it is true, but a failure on his part to do so does not make him and his sureties liable on the official bond. The appellee was in nowise injured or delayed in the collection of his debt because the conservator failed to sell property.

Section 6, Gross, page 332, provides: The said conservator may sue and be sued as the representative of the person for whom he is appointed conservator as aforesaid; and execution

may issue in the name of and against the said conservator as representative as aforesaid, and all the property of such person may be sold to pay his or her just debts, that might or could be sold in other cases.

Under this statute, which is section 5 of chapter 50 of Revised Laws of 1845, appellee had a full and complete remedy to collect his debt by suit at any time he saw proper.

Appellee, however, instead of pursuing the course provided for his benefit by the statute, presented his claim to the county court, and had it allowed in the same manner that claims are probated against the estate of a deceased person.

We are not aware of any statute that authorized this proceeding.

The allowance in the county court was a nullity, and gave the debt no more force or effect than it had before.

When the conservator presented his final report to the county court, and it was approved, and he turned over the property he held as conservator to Merrill, and was discharged, his liability ceased.

For these reasons, we are of opinion that the court erred in rendering judgment on the bond.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*