FRANCIS L. WINCH, Minor, etc.

*v.*

THOMAS TOBIN, Guardian.

*Filed at Ottawa May 10, 1883.*

1. STATE CONSTITUTION—*as a limitation of powers.* A State constitution is a limitation upon the powers of the legislature, and the legislature possesses every power not delegated to some other department, or expressly denied to it by the constitution.

2. GUARDIAN'S SALE OF LAND OF MINOR—*jurisdiction of probate court —constitutionality of act conferring jurisdiction.* It was intended by the act of 1877 establishing probate courts, that the jurisdiction of said courts should include all "probate matters," as defined in the statute of 1874 establishing county courts, and so include proceedings by guardians for the sale of the real estate of their wards; and it was competent for the legislature to bestow such jurisdiction upon the probate courts, there being no inhibition in respect thereto in the constitution.

3. SAME—*what is included in the words "all probate matters," as used in the constitution.* The constitution, in providing for the establishment of probate courts, declares that said courts, when established, shall have original jurisdiction of "all probate matters." It may be supposed the words "all probate matters" were used in their broadest and most general sense. The General Assembly have regarded the ordering of guardians' sales so germane to the subject that they have declared the exercise of this power was a "probate matter." In the absence of any express provision in the constitution to the contrary, this legislative definition of those terms may, not improperly, be acquiesced in, and the jurisdiction of the probate courts, as conferred by statute, to order the real estate of minors to be sold at guardian's sale, be upheld.

· WRIT OF ERROR to the Probate Court of Cook county; the Hon. J. C. KNICKERBOCKER, Judge, presiding.

Mr. JAMES B. GALLOWAY, for the plaintiff in error.

Mr. JESSE HOLDOM, for the defendant in error.

Mr. CYRUS D. ROYS, for the purchaser, the Lake Shore and Michigan Southern Railway Company.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is a writ of error to the probate court of Cook county, to reverse an order of sale, made by that court on June 20, 1882, of certain real estate in Chicago, belonging to Francis L. Winch, a minor, upon the petition of Thomas Tobin, as guardian of said minor. The only question presented for determination is, whether the probate court had jurisdiction to order a sale of the minor's real estate.

Section 18, article 6, of the constitution of 1870, providing for the establishment of county courts, declares as follows: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians and conservators, and settlement of their accounts, in all matters relating to apprentices, and in all proceedings for the collection of taxes and assessments, and such other jurisdiction as

may be provided for by general law." · Section 20, of the same article, as to probate courts, provides : "The General Assembly may provide for the establishment of a probate court in each county having a population of over 50,000, and for the election of a 'judge thereof, etc. Said courts, when established, shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators, and settlement of their accounts, in all matters relating to apprentices, and in cases of the sales of real estate of deceased persons for the payment of debts." By the act of the General Assembly of 1874 establishing county courts, (Rev. Stat. 1874, p. 339,) the probate jurisdiction of county courts is given as follows : "County courts shall have jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians and conservators, and settlement of their accounts, all matters relating to apprentices, proceedings for the collection of taxes and assessments, and in proceedings by executors, administrators, guardians and conservators for the sale of real estate for the purposes authorized by law, and such other jurisdiction as is or may be provided by law,—all of which, except as hereinafter provided, shall be considered as probate matters, and be cognizable at the probate terms hereinafter mentio<sub></sub>ed.".

The jurisdictional clause of the act of the General Assembly establishing probate courts, approved April 27, 1877, (Laws 1877, p. 79,) under which the probate court of Cook county came into existence, follows the precise language used in section 20, article 6, of the constitution, as quoted above. Section 5 of the last named act provides : "As soon as such court is organized in any county, the county court of such county shall turn over to the probate court all of its probate records, and all files, books and papers of every kind relating to probate matters in such county court, and papers in matters of *guardianship* and conservators,   *   *   *   and upon

receipt thereof the probate court shall proceed to finish and
complete all unfinished business relating to probate, *guard-
ianship* and conservatory matters, in the manner provided by
law." Section 11 provides as to the prosecution of appeals
from the probate court, "that they should be taken, in all
matters, to the circuit courts" of their respective counties,
except "on the application of executors, administrators, *guard-
ians* and conservators *for the sale of real estate*." And section
12 provides, that "appeals and writs of error may be taken
and prosecuted from the final orders and decrees of the
probate court to the Supreme Court, in proceedings on the
application of executors, administrators, *guardians* and con-
servators *for the sale of real estate*."

It is thus most clear that the legislature intended, by the
act of 1877 establishing probate courts, that the jurisdiction
of said courts should include all probate matters, as defined
by the legislature in the statute of 1874 establishing county
courts, and so include proceedings by guardians for the sale
of the real estate of their wards. Why is not the will of the
legislature to stand? It should, unless there be in the con-
stitution an inhibition to confer the exercise of such power
upon the probate courts. It is not necessary that there be
grant of authority by the constitution to the legislature to
vest such particular power in probate courts. The authority
is with the legislature, unless there be denial of it, express or
implied. "No proposition is better settled than that a State
constitution is a limitation upon the powers of the legislature,
and that the legislature possesses every power not delegated
to some other department, or expressly denied to it by the
constitution." (*Field* v. *The People*, 2 Scam. 95; *Sawyer* v.
*City of Alton*, 3 id. 127.) There is certainly no express inhi-
bition in the constitution against conferring upon the probate
court the power to order sold, at guardian's sale, the real
estate of minors. Nor is there any provision of the constitu-
tion conferring, in terms, the exercise of that power upon

any other court.  There would not appear, then, to be any
palpable violation of the constitution in bestowing this power
upon the probate. court by legislative enactment.  . Any sup-
posed prohibition in the constitution to do this is only to be
derived by implication, from its enumeration of certain. juris-
dictional powers which probate courts should have, and this
specific power of ordering sale of minor's real estate not being,
in terms, named in the enumeration, "all probate matters"
are included in such enumeration.  What, precisely, is in-
cluded in those terms is indefinite.  It may be more or less,
as viewed by different persons.

At the time of the establishment of the probate court
there was a statute in existence,—the one under which the
county court had previously been established,—defining what
were probate matters, to the extent of saying that proceedings
by guardians for the sale of real estate should be considered
as a probate matter.  In view of that law declaring that
a guardian's sale of real estate was a probate matter, the
General Assembly established the probate court, giving it
the power to order sold, at guardian's sale, the real estate of
minors.  The constitution declares that the probate court
shall have original jurisdiction of all probate matters, the
appointment of guardians, and settlement of their accounts,
and in cases of the sales of real estate of deceased persons
for the payment of debts.  The ordering of the sale of the
real estate of minors at guardian's sale is a kindred matter.
It is a power, we believe, quite often lodged in courts exer-
cising probate jurisdiction.  Occasions for such sales most
frequently arise in connection with the administration of
estates of decedents.  The court having the appointment of
guardians, and the settlement of their accounts, would seem
an appropriate tribunal for decreeing guardians' sales.  There
hardly seems reason why the same court that decrees sales
of real estate of deceased persons for the payment of debts,
might not also order sales by guardians.  The latter would

be the exercise of a similar and no higher power. The sale of real estate to pay debts of decedents does, perhaps, in the greater number of cases, involve the selling of lands of minors. There is, then, nothing manifestly incongruous with the constitution in intrusting the power in question to the probate court.

We may suppose the terms, "all probate matters," in the constitution, to be used in their broadest and most general sense. The General Assembly seems to have regarded the ordering of guardians' sales so germane to the subject that they, by legislative enactment, declared that the exercise of this power was a probate matter, and that not with view to the probate court and the bestowal of jurisdiction upon it, but long previously, on the different occasion of establishing the county court. The constitution does not undertake to define all the particular powers which courts may exercise. It marks out their general jurisdiction, and if, in the bestowal by the legislature of any special power, there be not palpable incongruity with the constitution, the legislative will may be deferred to. We need not scan words with critical nicety to see whether, in strict precision of language, the legislative definition of probate matters may have been accurate. Regarding substantive matter, we think this a case where we may, not improperly, acquiesce in the determination of the law-making power on the subject, and hold, that giving to the probate court this power to order the real estate of minors to be sold at guardian's sale, does no such violence to the constitution as requires us to pronounce the act of the legislature to be void.

The order of sale of the probate court will be affirmed.

*Judgment affirmed.*

SCOTT, Ch. J., and WALKER, J.: We are unable to concur in the doctrines of this opinion.