RENO v. McCULLY ET AL.

1. **Guardians**: BONDS OF: MUST BE APPROVED BY THE COURT AND NOT BY THE CLERK: LIABILITY OF CLERK FOR RECEIVING INSUFFICIENT BOND. Although the clerk of the circuit court has power to appoint a guardian in vacation, (Code, § 2315,) he has no power to approve the bond of such guardian. That duty devolves upon the court, (Code, § 2246,) and should be attended to at the next term after the appointment is made by the clerk. Hence, a clerk is not liable in damages upon his bond for failing to demand a sufficient bond of a guardian, or for taking and recording a bond filed by the guardian without a surety.

2. ———: ———: DUTY OF CLERK: THE TERM "PROBATE." The duties imposed on the clerk of the circuit court by section 2321 of the Code are limited to "bonds relating to *probate* matters," but the term "probate," when strictly used, relates to the proof of wills, but, in a more extended sense, it relates· to the proceedings incident to the administration and settlement of the estates of decedents, and it is so used in the section referred to. But the business pertaining to a guardianship is in no proper sense probate business.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, APRIL 10.

ACTION on an official bond. Defendant McCully was clerk of the circuit court, and the other defendants are the sureties on his official bond. During his term of office, said McCully appointed one S. N. Lindley guardian of the property of plaintiff, who at that time was a minor, and it is alleged in the petition that said guardian received certain money which belonged to plaintiff, which he has never accounted for, although plaintiff has attained his majority, and that he is now insolvent. It is also alleged that said McCully failed to require said guardian, at the time of his appointment, to give a bond with sufficient sureties, as required by law, but accepted a bond signed only by the guardian, and that, by the acceptance of said bond by defendant, the guardian was empowered to act as such, and that he did, in pursuance of his appointment and the acceptance of his bond, enter upon the discharge of his duties as guardian, and received said money

while acting as such guardian. Defendants answered, denying the allegations of the petition. There was a trial to the court, and judgment was rendered for plaintiff, and defendants appeal.

*Ryan Bros.*, for appellants.

*Stahl, Meredith & Stahl*, for appellee.

REED, J.—The evidence given on the trial shows that the appointment of the guardian was made by the clerk in vacation. At the time of his appointment, the guardian filed a bond conditioned that he would account for and pay over all moneys or other property belonging to the ward which should come into his hands as such guardian. There was no surety on this bond. It was signed by the guardian alone. The oath of the guardian was indorsed on the bond, and this oath was taken before the clerk. The bond was recorded by the clerk in the book kept for that purpose, but there is no other evidence of the acceptance or approval by him of said bond. It was also proved that the guardian received certain moneys belonging to plaintiff, and that he has never accounted to plaintiff for said money, and that he is now insolvent, and that plaintiff has attained his majority.

1. GUARD-
IANS : bonds
of : must be
approved by
the court and
not by the
clerk : liabili-
ty of clerk for
receiving in-
sufficient
bond.

Plaintiff's position is that it was the duty of the clerk to require the guardian to give a bond at the time of his appointment, with sufficient sureties, conditioned for the faithful performance of his duties as such guardian, and that the appointment of the guardian without requiring such bond was a violation of his official duties, for which the clerk and his sureties are liable on his bond. It is claimed that the duty of the clerk in this respect is prescribed by section 2321 of the Code. This section is as follows: "All bonds relating to probate matters shall be filed in the office of the clerk of the circuit court, and shall not be deemed sufficient until examined by the clerk, and his approval indorsed thereon."

The section occurs in title 16. This title relates principally to matters pertaining to the administration and settlement of the estates of decedents. The rules governing the execution of wills and the admission of the same to probate are prescribed in the title. The appointment of executors and administrators is also provided for, and their powers and duties are defined. The manner of collecting the assets of estates, the establishment of claims against them, and their payment, and the payment of legacies out of the assets, and the descent and distribution of intestate property, are all matters which are governed by the provisions of the statutes contained in this title.

There are also two general provisions in the title with reference to the guardianship of minors and others requiring guardianship. The first is found in section 2312, which provides " that the circuit court of each county shall have original and exclusive jurisdiction * * * of the persons and estates of minors and others requiring guardianship." The second is in section 2315, which provides that the clerk shall have power to appoint guardians, administrators, etc., in vacation. The general provisions of the statute with reference to the matter of guardianship, however, are found in chapter 5 of title 15. The appointment of guardians is provided for in this chapter, and their powers and duties, with reference to the persons and property of their wards are there prescribed. And it is provided in section 2246 that "guardians appointed to take charge of the property of a minor must give bond, with surety, to be approved by the court, in a penalty * * * conditioned for the faithful discharge of their duties as such guardians according to law." It is our opinion that section 2321 has no reference to the bonds of guardians, and that it imposes no duty upon the clerk with reference to the approval of such bonds, but that the duty of passing upon the sufficiency of the bond of a guardian is prescribed by section 2246, and that this duty devolves upon the court, and cannot be performed by the clerk in

vacation. This conclusion is supported by two satisfactory reasons: (1) Section 2246 occurs in the chapter in which the powers and duties of guardians are prescribed and defined. It provides that a bond shall be given, and that the surety thereon must be approved by the court. Having made this provision for the approval of the bond by the court, it is not to be presumed that the legislature intended by the subsequent section that it should be re-examined by the clerk, and his approval indorsed thereon. (2) The duty imposed on the clerk by section 2321, by the terms of the section, relates to " bonds relating to probate matters."

The term " probate," when strictly used, relates to the proof of a will before an officer or tribunal having jurisdiction to determine the question of its validity. In common usage, however, it is often used with reference to the proceedings incident to the administration and settlement of the estates of decedents, and it is sometimes used in this sense in the statutes, and we have no doubt but the phrase " bonds relating to probate matters," in this section, relates to any and all bonds which executors or administrators may be required to give in the course of their duties. But the term is not used with reference to guardianship, or the legal proceedings incident thereto, either in the law or in common usage. A guardian's bond is in no sense a bond relating to probate matters. The section, then, relates to bonds given by executors and administrators, and it is clear that it imposes no duty on the clerk with reference to the bonds of guardians. The clerk, then, had the power to appoint the guardian in vacation, but he had no duty to perform with reference to the approval of his bond. That duty devolved upon the circuit court, and it should have been performed at the term following the appointment. The matter complained of does not, therefore, constitute a breach of the clerk's bond. The circuit court held that it did. The judgment is therefore erroneous, and must be

REVERSED.