Reno v. McCully et al.

## RENO v. McCULLY ET AL.

1. **Guardians:** APPROVAL OF BONDS OF: CLERK NOT LIABLE FOR RECEIVING INSUFFICIENT BOND. It is the duty of the circuit court, and not of the clerk, to approve the bonds of guardians, (Code, § 2246,) and a clerk is not liable in damages for taking and recording a bond filed by a guardian without a surety. *Reno v. McCully*, 65 Iowa, 629, followed.

*Appeal from Jasper Circuit Court.*

THURSDAY, SEPTEMBER 24.

ACTION on an official bond. Defendant McCully was clerk of the circuit court, and the other defendants are sureties on his official bond. The breach of the bond alleged is that said McCully, as clerk, appointed one Lindley guardian of plaintiff's property during his minority, without requiring of him a bond with sufficient sureties for the faithful performance of his duties as such guardian, by reason of which neglect and failure by defendant certain moneys belonging to plaintiff, which came into the hands of said guardian, have been wholly lost to plaintiff. There was a verdict and judgment for plaintiff. Defendants appeal.

*Ryan Bros.*, for appellants.

*Stahl, Meredith & Stahl*, for appellee.

Rand, Ex'r, v. Barrett et al.

REED, J.—The case in its facts is precisely similar to *Reno v. McCully*, decided at the April term of this year. We held in that case that the clerk of the circuit court is not charged by law with the duty of accepting and approving the bonds of guardians. See 65 Iowa, 629.

Following that case, the judgment of the circuit court is

REVERSED.