*In re* ESTATE OF LAURITZ MORTENSON, DECEASED.—(EVANS LARSON, Appellant, *vs.* LOTTA NELSON *et al.* Appellees.)

*Opinion filed February 25, 1911.*

1. COURTS—*legislature may confer any jurisdiction on county court which may be deemed advisable.* Under section 18 of article 6 of the constitution, providing that county courts shall have jurisdiction of certain specified matters, "and such other jurisdiction as may be provided for by general law," the General Assembly may, by general law, confer upon county courts any jurisdiction which may be deemed advisable.

2. SAME—*jurisdiction of probate courts cannot be extended by legislature.* Section 20 of article 6 of the constitution provides that the probate courts, when established, shall have jurisdiction of the matters mentioned therein without any provision authorizing the General Assembly to confer additional jurisdiction by general law, and hence the General Assembly cannot confer upon probate courts jurisdiction of matters not fairly embraced within the matters mentioned in said section.

3. JURISDICTION—*management of testamentary trusts is not included in settlement of estates.* The settlement of estates has no relation to the management of testamentary trusts, which are either entirely independent of the administration of the estate by the executor or administrator to the same extent that a devise of real estate is independent of such administration, or can only become operative after the settlement of the estate is completed and the trustee receives the property from the executor.

4. SAME—*testamentary trusts are not within the term "probate matters."* The supervision and control of trusts created by will are not embraced within the term "probate matters," as such term is used in section 20 of article 6 of the constitution, relating to the establishment and jurisdiction of probate courts, even giving such words, as should be done, their broad and general significance. (*Winch* v. *Tobin,* 107 Ill. 212, distinguished.)

5. CONSTITUTIONAL LAW—*act of 1909, in so far as it confers jurisdiction of testamentary trusts on probate courts, is invalid.* The act of 1909, (Laws of 1909, p. 175,) in so far as it purports to extend the jurisdiction of probate courts to include the supervision and control of testamentary trusts created by original wills proved and admitted to probate, is beyond the power of the legislature and is invalid.

6. TRUSTS—*management of trusts is important head of equity jurisdiction.* The general subject of trusts, and the construction

of wills where trusts are involved, are important heads of equity jurisdiction which have long been exercised, and the fact that a trust is created by a will instead of in some other way does not make it, or its control and supervision, a "probate matter."

CARTER and HAND, JJ., dissenting.

APPEAL from the Probate Court of Cook county; the Hon. CHARLES S. CUTTING, Judge, presiding.

WALTER QUITMAN, and JOHN DEGRAZIA, for appellant:

The provision of the constitution of the State of Illinois which provides for the creation, by the legislature, of probate courts, defines the jurisdiction such courts shall have, when created, as "original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians and conservators, and settlements of their accounts, in all matters relating to apprentices, and in cases of sales of real estate of deceased persons for the payment of debts." Const. art. 6, sec. 20.

Probate courts have no jurisdiction over trust estates and trustees, these coming under the jurisdiction of a court of chancery. *Dingman* v. *Beall,* 213 Ill. 238.

Where the jurisdiction a court shall have, when created, is defined by the constitution, such jurisdiction cannot be enlarged by statutory enactment. *Canby* v. *Hartzell,* 167 Ill. 628.

Statutes are prospective in their operation, and will not be construed to have retroactive effect unless the language used is so clear to that effect that it will not admit of any other construction. *Richardson* v. *Trust Co.* 194 Ill. 259.

It is beyond the legislative power to abrogate or impair a vested right or to transfer it to another. *Hunter* v. *Hatch,* 178 Ill. 45.

Rights acquired by a trustee or trustees cannot be impaired by subsequent legislation. *Dartmouth College* v. *Woodward,* 4 Wheat. 518.

McCABE, CLOYES & KULL, and ROBERT C. BENNETT, for appellees:

Section 20 of article 6 of the constitution gives probate courts, when established, jurisdiction "of all probate matters" and "the settlement of estates of deceased persons."

Constitutions are not to be interpreted according to the words used in particular clauses. The whole must be considered with a view to ascertain the sense in which the words were employed, and 'its terms must be taken in their ordinary and common acceptation, because they are presumed to have been so understood by the framers and by the people who adopted it. *Wilcox* v. *People,* 90 Ill. 186; *State* v. *Eldredge,* 27 Utah, 477.

The terms "probate matters" and "settlement of estates of deceased persons," as used in section 20 of article 6 of the constitution, are broad enough to embrace "supervision and control of testamentary trusts created by original wills of deceased persons," for these terms are to be used in their broadest and most general sense. *Winch* v. *Tobin,* 107 Ill. 212.

The act of June 14, 1909, to extend the jurisdiction of the probate court so as to include the complete administration of testate estates, merely provides an additional and more effective remedy for assuring and enforcing full and complete compliance with the will of the testator. Statutes affecting only the remedy or the procedure do not interfere with vested rights. Black on Const. Law, 432; *Bartlett* v. *Lan,* 2 Ala. 401; *Markel* v. *Phillips,* 5 Ind. 510; *Hope* v. *Johnson,* 2 Yerg. 123.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Lauritz Mortenson died on August 24, 1908, possessed of real and personal property in Cook county and leaving a last will and testament, which was admitted to probate on

August 29, 1908, by the probate court of said county. By the will appellant, Evans Larson, was nominated as executor and was also appointed trustee of the residue of the estate, after the payment of debts, funeral expenses and a legacy, for the term of five years from the death of the testator, with power to take possession of the estate under an active trust. The will provided for compensation for the services of the trustee and directed that at the termination of the trust the trust estate should be divided equally among five named persons. Letters testamentary were issued to appellant, and on January 27, 1910, the appellees, four of the beneficiaries of the trust, presented their petition to the probate court praying that appellant should be cited to show cause why he should not take out letters of trusteeship under said will. He answered that the act purporting to authorize probate courts to supervise and control testamentary trusts was unconstitutional and void. The court heard the petition and ordered the appellant, within five days, to apply for and take out letters of trusteeship in accordance with said act, and provided that if he did not, the court would proceed to appoint another trustee. From that order this appeal was taken.

The act under which the court proceeded is entitled "An act to extend the jurisdiction of probate courts and county courts having probate jurisdiction so as to include the complete administration of testate estates," in force July 1, 1909. (Laws of 1909, p. 175.) The section of the act purporting to extend the jurisdiction is the first, which is as follows: "That original jurisdiction is hereby conferred upon probate courts and county courts in counties where no probate courts are now, or may hereafter be established according to law, to supervise and control all testamentary trusts created by original wills of deceased persons proved and admitted to probate in such court. The jurisdiction hereby conferred shall include the appointments and removals of trustees, the issuing of letters of trusteeship to

such trustees, the fixing and approving of their bonds and the settlement of their accounts; and in regard thereto said court shall have and exercise full chancery powers."

When county courts were established, in 1849, they were given jurisdiction over various subjects and were invested with all the powers and jurisdiction of the probate courts previously existing, and the judge was given the civil and criminal jurisdiction of a justice of the peace. The county courts have never been exclusively courts of probate jurisdiction, and they have jurisdiction in matters of taxes and special assessments, in certain actions at law and some classes of criminal offenses. Section 18 of article 6 of the present constitution fixes the jurisdiction of county courts generally, as follows: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians and conservators, and settlements of their accounts, in all matters relating to apprentices, and in proceedings for the collection of taxes and assessments, and such other jurisdiction as may be provided for by general law." Under that provision of the constitution the General Assembly may, by a general law, confer upon county courts any jurisdiction which may be deemed advisable. Section 20 of the same article provides for the establishment of courts, in certain localities, for the exercise of probate jurisdiction, without the authority contained in section 18 to confer other jurisdiction. Section 20 authorizes the General Assembly to provide for the establishment of a probate court in each county having a population of over 50,000, with the following jurisdiction: "Said courts, when established, shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators, and, settlement of their accounts; in all matters relating to apprentices, and in cases of the sales of real estate of deceased persons for the payment of debts." These are all

matters which by long usage have been under the control of courts having probate jurisdiction, and variously styled in the different States as orphan's court, court of probate, surrogate's court, ordinary's court, prefect's court, probate justice or county court.

While the word "probate," in a technical sense, means the official proof of an instrument offered as a last will and testament, the term "probate matters" has acquired a much wider meaning, and the words were undoubtedly used in the constitution in a broad and general sense. Giving to the words of the constitution their broadest meaning, the supervision and control of testamentary trusts are not included in the settlement of the estates of deceased persons mentioned in section 20. The settlement of an estate, in legal significance and common understanding, is the process by which letters testamentary or of administration are granted, assets collected, claims allowed, debts paid, real estate sold if necessary for the payment of debts, and the property distributed to those who are entitled to it by the laws of descent or by the will. Such settlement has no relation to the management or execution of trusts, which are either entirely independent of the administration of the estate by the executor or administrator to the same extent that a devise of real estate is independent of such administration, or, if the trust is in the residue of property committed to the executor, can only become operative after the settlement of the estate is completed and the trustee receives the property from the executor.

While it is argued that the supervision and control of testamentary trusts are a part of the settlement of the estates of deceased persons, the principal argument is that such supervision and control are included in the term "probate matters." In *Winch* v. *Tobin,* 107 Ill. 212, it was considered that those words were to be given their broadest meaning, which is undoubtedly a correct rule. The case did not relate to the estate of a deceased person, but was

one where the probate court of Cook county had ordered a sale of real estate of a minor on petition of his guardian, and the appointment of guardians and settlement of their accounts were specifically mentioned in the constitution as subjects of probate jurisdiction, or, rather, subjects of the jurisdiction of a court to be styled a probate court. Some weight was given by the court to section 5 of the act of 1874, establishing county courts, which reads as follows: "County courts shall have jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians and conservators, and settlements of their accounts; all matters relating to apprentices; proceedings for the collection of taxes and assessments; and in proceedings by executors, administrators, guardians and conservators for the sale of real estate for the purposes authorized by law, and such other jurisdiction as is or may be provided by law. All of which, except as hereinafter provided, shall be considered as probate matters, and be cognizable at the probate terms hereinafter mentioned." Perhaps the fact that proceedings for the collection of taxes and assessments were included among the subjects declared to be probate matters did not attract attention, but it is quite certain that the General Assembly had no intention of declaring the collection of the revenue to be a probate matter. Whatever similarity there may have been in the popular mind, in one respect, between death and taxes, it is evident that the General Assembly was not attempting to classify the collection of taxes from living persons or assessments for special benefits to their property as probate matters. The purpose of that section and those following it was to fix and separate the terms at which the law jurisdiction of county courts should be exercised, so as to have the court always open for the transaction of certain business and to have fixed terms for the trial of actions at law, appeals from justice and criminal offenses. Section 6 provides that all the matters cognizable at probate terms shall

also be cognizable at law terms, while section 7 limits the law jurisdiction to law terms. The valid ground of the decision was, that the constitution gave probate courts original jurisdiction of the appointment of guardians and settlement of their accounts, and the application of a guardian to sell the real estate of his ward for his support or for other good·reason was a kindred matter and often lodged in courts exercising probate jurisdiction. It was only by giving a very liberal construction to the constitution that the conclusion of the court was reached, and perhaps the decision could not be justified solely on the ground that an application by a guardian to sell the real estate of his ward was a probate matter. In *Reno* v. *McCully*, 65 Iowa, 629, it was held that under a statute providing that all bonds relating to probate matters should be filed in the office of the clerk of the circuit court, the bonds meant were those of executors and administrators, and a guardian's bond was not embraced within the statute. The court said that the term "probate matters" was not used in reference to guardianship or the legal proceedings incident thereto, either in law or common usage, and that a guardian's bond was in no sense a bond relating to probate matters.

The General Assembly may invest probate courts with jurisdiction of all those subjects mentioned in the constitution, but if such matters as the appointment of guardians and conservators, the settlement of their accounts and matters relating to apprentices were embraced within the general jurisdiction of all probate matters, it would have been needless to enumerate them. In 1 Woerner's American Law of Administration (2d ed. sec. 50,) the author says: "Logically, the jurisdiction of probate courts should extend to all matters necessarily involved in the disposition of the estates of deceased persons from the time of the owner's death until the property has been placed in the possession of those to whom it devolves." Taking that statement as including the entire scope of probate jurisdiction, it does

not include testamentary trusts. Probate courts have exclusive jurisdiction over the personal estate, but they have no jurisdiction over the real estate, (*Ferguson* v. *Hunter,* 2 Gilm. 657,) although they have certain powers in regard to the real estate, such as ordering a sale to pay debts, setting off the homestead on such a sale so as to relieve the homestead from the charge, or bringing persons before them having or claiming an interest in the land to be sold, so as to determine questions of title and enable the purchaser to know the nature and extent of the estate for which he is bidding. (*Newell* v. *Montgomery,* 129 Ill. 58.) The real estate passes to the heir or devisee, and if a trust is created the property devolves upon the beneficiary of the trust without any action of the probate court, as effectually as though the legal title were in him. If a testator devises various tracts of land to different persons and as to one of them deems it wise to create a trust, the control and supervision of that trust is no more a probate matter than it would be to partition lands devised to tenants in common to see that each one obtains a just and proper share of the property according to the intention of the testator. We think no one would say that partition is a probate matter under our laws. The Supreme Court of Minnesota has held that the probate courts of that State have jurisdiction to partition the lands of a decedent among the heirs, (*Johnson* v. *Harrison,* 47 Minn. 575,) but that holding appears to be upon the ground that it was the intention of the Minnesota constitution to give probate courts the entire and exclusive jurisdiction over the estates of deceased persons. The court draws a distinction between the jurisdiction of probate courts in that State and the jurisdiction of probate, surrogate or orphan's courts in other States, and holds that it includes the exclusive power to construe wills and that the district court is deprived of any jurisdiction in such cases. (*Appleby* v. *Watkins,* 95 Minn. 455; 5 Am. & Eng. Ann. Cas. 471.) The general subject of trusts and the

construction of wills where trusts are involved are impor-
tant heads of equity jurisdiction, which has been long ex-
ercised, and it would not be thought that during all the
history of equity jurisprudence the courts had been exercis-
ing jurisdiction in a probate matter if the trust was created
by a will. Trusts may be created in a variety of ways, and
the fact that a trust is created by a will does not distinguish
it, or the management and control of it, as a probate mat-
ter. If the exercise of the jurisdiction would be useful and
in the interest of beneficiaries of trusts, that consideration
could have no weight in determining what courts should be
invested with jurisdiction. The usefulness of provisions
like those contained in the act in question would not depend
at all upon the fact that the jurisdiction is to be exercised
by probate courts, but would rest upon the summary and
expeditious methods of such courts. Power to exercise
such methods could as well be given to other courts.

We are of the opinion that the supervision and control
of trusts, based on the fact that they are created by will,
are not embraced within the words "probate matters," as
used in the constitution.

The order of the probate court is reversed.

                                        *Order reversed.*

Mr. JUSTICE CARTER, dissenting:

I do not concur in the conclusions reached in the fore-
going opinion. It must be conceded that the legislature
could give jurisdiction over testamentary trusts, as pro-
vided for in said act, to county courts under the wording
of section 18 of article 6 of the constitution, and I think
that the authority to give jurisdiction to probate courts as
provided in this act is fairly included in the words "all pro-
bate matters," as used in section 20 of article 6 of the con-
stitution. In *Winch* v. *Tobin*, 107 Ill. 212, this court held
that the words "all probate matters" were used in the con-
stitution "in their broadest and most general sense;" that

"we need not scan words with critical nicety to see whether, in strict precision of language, the legislative definition of probate matters may have been accurate." In Woerner's American Law of Administration (vol. 1, 2d ed. sec. 150,) the author says: "Logically the jurisdiction of probate courts should extend to all matters necessarily involved in the disposition of the estates of deceased persons, from the time of the owner's death until the property has been placed in the possession of those to whom it devolves." In Schouler on Wills (3d ed. sec. 608,) it is said: "Into the general law of trusts and trustees we need not enter. But of testamentary trusts we may observe that probate legislation and practice, especially in the United States, tends at the present day to assimilate such trustees, as to their credentials, the method of their appointment and removal and the supervision of their functions, to the executor. * * * Legislation in our several States tends to simplify the administration of testamentary trusts by bringing such trustees under the immediate supervision of the probate court instead of leaving all to the more indefinite direction of chancery."

All matters of trusts have never been held to be exclusively within the jurisdiction of chancery. Under section 70 of chapter 3, relating to the administration of estates, all claims against estates of deceased persons are there classified. Class 6 reads as follows: "Where the deceased has received money in trust for any purpose, his executor or administrator shall pay out of his estate the amount thus received and not accounted for." It follows that the probate court must, in the allowance of claims under this section, have jurisdiction of and pass upon trust matters. That such courts have the authority so to do has been recognized in *Howell* v. *Moores,* 127 Ill. 67, *Wilson* v. *Kirby,* 88 id. 566, and *Shipherd* v. *Furness,* 153 id. 590. Furthermore, under this same chapter on administration of estates, probate courts are invested with special and particular chancery

powers for the purpose of dealing with partnership estates. This jurisdiction is as much one of the recognized objects of control in equity as is that of trusts. If testamentary trusts are not fairly included within the term "probate matters," then how can it be argued that the closing up of partnership estates is a probate matter?

What is included in the term "probate matters" is necessarily more or less indefinite and is decided differently in different jurisdictions, according to the special wording of the various constitutions and statutes on that subject. It is evident, however, from an examination of the statutes and decisions in other jurisdictions, that the great weight of authority would include testamentary trusts and supervision and settlement of such trust accounts in the term "probate matters," and therefore as a proper subject of probate jurisdiction. This court, in *Newell* v. *Montgomery,* 129 Ill. 58, decided that under this provision of the constitution the legislature rightly included as a probate matter within the jurisdiction of the probate court, the authority to call before it, in selling real estate to pay debts, all adverse claimants to the land and adjudicate upon their rights before ordering a sale, on the theory that the land could be sold more advantageously and with the expectation of realizing a better price after the interests of all parties had been determined, so that the purchaser might know precisely the nature and extent of the interest for which he was bidding. The reasoning of this court in that case and in *Winch* v. *Tobin, supra,* practically answers all the objections raised to the constitutionality of this act. The same arguments that are urged here were raised and answered in those cases. The control granted to county and probate courts over testamentary trusts under the conditions named in the said act can be held, under those decisions, to be included within the phrase "all probate matters." Such control might also be fairly included in the jurisdiction granted by said sections 18 and 20 of article 6 of the constitution under the

phrase, "the settlement of estates of deceased persons." The powers granted in that act are auxiliary to the complete exercise of the acknowledged jurisdiction of those courts, as conferred by the constitution. The legislature, therefore, in my opinion, had the constitutional authority to pass the act in question.

Mr. JUSTICE HAND: I concur in the foregoing dissenting opinion of Mr. Justice Carter.