## In the Matter of the Estate of Harold Nelson Virden. Robert G. Moore, Guardian, Appellee, v. State Bank of Chicago, Guardian, Appellant.

### Gen. No. 25,910.

1. SET-OFF AND RECOUPMENT, § 18*—*when breach of contract is not available.* In an action to recover on appeal bond, defendant cannot set up a right to recoup damages claimed to have been suffered by a third person, who had assigned such claim to defendant, by reason of plaintiff's breach of a contract regarding the application of a deposit made by such person with another to secure the payment of rent under a lease, which leased premises and deposit had been transferred to plaintiff.

2. SET-OFF AND RECOUPMENT, § 2*—*what is nature of set-off.* A set-off is in the nature of a distinct action by the defendant against the plaintiff, and, setting it up, such averments must be made as by themselves constitute a sufficient statement of a cause of action.

3. GUARDIAN AND WARD, § 86*—*when appeal is tried de novo.* On an appeal to the circuit court by the guardian of a minor's estate from an order of the probate court approving an account rendered to it by the guardian of the minor's person, showing a claim by such guardian against the estate, the trial is *de novo* and the circuit court should require proof of the correctness of every item of the account, particularly when the account is challenged by the guardian of the estate.

4. GUARDIAN AND WARD, § 86*—*who has burden of proof on review of account.* On an appeal to the circuit court from an order approving an account rendered by the guardian of a minor's person against his ward's estate, the burden is on the guardian to establish by proof payments made by him on the ward's account.

5. GUARDIAN AND WARD, § 64*—*how court may enforce payment of claim.* The probate court has jurisdiction to adjust a claim of the guardian of a minor's person against the ward's estate and to order that the amount due him be paid to him by the guardian of the estate, where both guardians are within such court's jurisdiction and subject to its order and direction, and while such court cannot enter a judgment against the guardian of the estate or enforce the order by execution, the payment can be coerced by a proceeding for contempt for disobedience thereof, or such court may remove the guardian of the estate for his refusal to obey.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Moore v. State Bank of Chicago, 218 Ill. App. 422.

Appeal from the Circuit Court of Cook county; the Hon. J. P. McGOORTY, Judge, presiding.   Heard in this court at the October term, 1919.   Reversed and remanded.   Opinion filed June 28, 1920.

CHYTRAUS, HEALY & FROST and JOHN PETER BARNES, for appellant.

JAMES A. DONNELLY, for Malcolm MacLeod, Conservator.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is a controversy between the guardian of the person and the guardian of the estate of Harold Nelson Virden, a minor.   Robert G. Moore is the guardian of the person of said minor and the State Bank of Chicago is the guardian of his estate.   Moore, as guardian of the person of the minor, rendered to the probate court an account between himself and the minor, in which it appeared that Moore had a claim against his ward's estate in the sum of $1,250. The account was approved and the probate court entered an order upon the State Bank of Chicago as guardian of the estate of the Virden minor that it pay to Robert G. Moore, on the 15th of January, 1916, the amount of $1,250 found due by the account.

From this order the State Bank took an appeal to the circuit court, where, under the statute, the cause was heard *de novo*.   Upon the hearing in the circuit court the only evidence proffered by Moore was the account filed in the probate court, together with the order of the probate court appealed from.   The bank put in evidence the objections filed by it to the foregoing account, a petition and an account filed by Moore in the probate court and the order entered on said petition.   The State Bank filed numerous objections to the Moore account, virtually challenging every

item of it.   There was no oral evidence offered by
either party.

It was the contention of the bank in the circuit
court as well as here that the law required Moore to
prove by evidence in the circuit court every item of
his account.   Counsel for Moore proceed upon the
theory that the account and order entered thereon in
the probate court made a prima facie case.   This
seems to be the view of the matter which the trial
judge took and a judgment was entered accordingly
to the same purport and effect as that entered in
the probate court.

From this judgment the bank took an appeal to the
Supreme Court on the contention that the construc-
tion of section 20 of article VI of the Constitution was
involved.   *Moore v. State Bank of Chicago*, 291 Ill.
373.   On this subject the Supreme Court said:

"The provision of the Constitution referred to pro-
vides that, when established, probate courts shall
have original jurisdiction 'of all probate matters, the
settlement of estates of deceased persons, the appoint-
ment of guardians and conservators, and settlement
of their accounts.'   The legislature, in providing for
the establishment of probate courts, conferred juris-
diction on them in exactly the same language as the
Constitution.   (Hurd's Rev. St. 1917, ch. 37, par. 220
[J. & A. ¶ 3263].)   The question is therefore one of
statutory rather than constitutional construction, and
that question has, in effect, been passed upon in
*Kingsbury v. Powers*, 131 Ill. 182.''

The Supreme Court being of the opinion that the
appeal should have come to this court, transferred
the cause.

The circuit court erred in not requiring Moore to
prove the items of his account.   The trial was *de
novo*, the circuit court judge sat in the matter in the
same manner as did the probate judge, and it was
the duty of the court to require proof of the correct-
ness of every item of the account, particularly when

the same was challenged by the bank. The burden was upon Moore to establish by proof payments made by him on account of his ward. *Standish v. Musgrove,* 223 Ill. 500; 21 Cyc. 163; *Wylie v. Bushnell,* 277 Ill. 484; *Kingsbury v. Powers,* 131 Ill. 182.

On a new trial Moore will be put to the proof of all the items of his account.

It is contended further that the probate court has no jurisdiction to adjust the claim of Moore as guardian of the person and to order that the amount due him as such guardian be paid by the bank as guardian of the estate of the minor out of the estate in its hands as such guardian.

We think the argument of counsel proceeds upon erroneous premises. A stranger to the ward's estate might be relegated to his remedy at law, but not so, we think, where both the guardians of the person and estate being separate are within the jurisdiction of the probate court and subject to its order and direction. While it is true the probate court could not enter a judgment against the guardian of the estate, it still might enter an order that it pay out of his estate the amount found due to Moore as guardian of the person of the minor. While the order could not be enforced by an execution, the payment could be coerced in a summary way in a proceeding for contempt for disobedience of such order, or the court might for such refusal remove the guardian and appoint another in its place.

The probate court had jurisdiction of both the guardians and complete control of their actions. There is no valid reason why the court should not order money due to a guardian of the person of a minor to be paid by the guardian of his estate. Both guardians must settle their accounts in the probate court and that court had jurisdiction to adjust such accounts at any time and to make such orders in relation thereto as in the interests of the ward might

seem necessary. The probate court also had juris-
diction of the person of both guardians and of the
ward and of the estate of the ward in the hands of
the bank. In *Winch v. Tobin,* 107 Ill. 212, the Su-
preme Court held to the widest powers of the probate
court in the matter of the estates of minors, holding
that the sale of the real estate of a minor at guard-
ian's sale was within the power of the court to order
as a "probate matter" within the meaning of the
Constitution, sec. 20, art. VI, the court saying: "We
may suppose the terms, 'all probate matters,' in the
Constitution, to be used in their broadest and most
general sense."

For the errors indicated the judgment of the circuit
court is reversed and the cause remanded for further
proceedings consistent with the views herein ex-
pressed.

*Reversed and remanded.*

MR. JUSTICES DEVER and MCSURELY concur.