(No. 14089.—Judgment affirmed.)

THE FIRST STATE BANK OF STEGER, ILLINOIS, Appellee, vs.
THE CHICAGO TITLE AND TRUST COMPANY, Appellant.

*Opinion filed February 22, 1922.*

1. CONSTRUCTION—*constitutions should not be construed as technically as statutes.* Constitutions are frames of government or fundamental laws, and as they generally deal with larger topics and in more general terms than legislative acts the same technical construction applied to common law instruments or statutes is not necessary and the words used should be given their natural and ordinary meaning.

2. CONSTITUTIONAL LAW—*jurisdiction of probate court is limited by constitution.* The legislature has no power to give probate courts any different jurisdiction from that defined in section 20 of article 6 of the constitution.

3. SAME—*section 55, added in 1919 to statute on incompetents, is not unconstitutional.* Section 55, added in 1919 to the statute on incompetents (Laws of 1919, p. 599,) and providing that claims against the estate of a person under conservatorship may be filed and settled in the probate court, does not exceed the jurisdiction allowed probate courts by section 20 of article 6 of the constitution, and the fact that the ward is insolvent is not material on that question.

4. CONSERVATORS—*probate court must see that a conservator properly discharges his duties.* It is the duty of the probate court, having jurisdiction over a conservator, to see that he discharges all of his duties towards the ward's property and that he accounts therefor fully, and also to see that he does not make unnecessary expense in defending against just claims against his ward.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

MAYER, MEYER, AUSTRIAN & PLATT, for appellant.

FOREMAN & BLUMROSEN, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On March 15, 1921, the probate court of Cook county allowed a claim of the First State Bank of Steger against the estate of George F. Steger, insane. From that order

an appeal was taken to the circuit court of Cook county by the Chicago Title and Trust Company, conservator of that estate. On an agreed statement of facts the circuit court found in favor of the claimant in the sum of $5190.55 and ordered "that. said claim be paid in due course of administration of the said estate, as provided by law in such cases." This appeal is prosecuted to this court by the conservator upon the ground that the probate court of Cook county and the circuit court were without jurisdiction to allow the claim because of the fact that the statute under which the proceedings were had is unconstitutional and void.

The stipulation of facts by the parties in the circuit court is as follows: On January 28, 1921, by an order of the probate court of Cook county, Illinois, duly entered of record, George F. Steger was adjudged insane and incapable of managing his own estate. On said date the Chicago Title and Trust Company was appointed conservator of his estate by an order of said court and is still acting as such. The claim of the First State Bank of Steger was based on a note in the sum of $5000, with interest at seven per cent, executed by said George F. Steger September 21, 1920, and payable to the order of the claimant. No part of the note has been paid and there is no defense. on said note to the merits of claimant's claim. The assets of the estate of George F. Steger, insane, have not been fully ascertained to date but do not exceed in value the sum of $200,000. The liabilities have not yet been ascertained but the claimed· amount thereof equals about $1,300,000. These liabilities consist almost entirely of checks, notes and other evidences of indebtedness, which are held by over 1000 claimants. For the purpose of the record in this case, but for no other purpose, the parties agree that the estate of George F. Steger is insolvent.

Section 55 of chapter 86 (Laws of 1919, p. 599,) reads as follows: "It shall be lawful for any person having a claim or demand against any person under conservatorship

to file the same in the office of the clerk of the court appointing such conservator; which claim shall be itemized and give the date of each item, and be verified by the oath of the claimant, and, unless the conservator of the estate of said ward waives the issuance of process, the clerk of the court shall issue a summons, directed to the sheriff of the county where such conservator resides, requiring such conservator to appear and defend such claim at any day of any term of court, fixed by the court, not less than ten days nor more than thirty days from the service of such summons, whereupon or at such time thereafter as the court may fix, the court may proceed to hear the same, as in cases of claims against the estate of deceased persons, and to dismiss the claim, or allow the same, in whole or in part, or make any order thereon, as may be just and equitable, and order the same to be paid by the conservator as he shall have funds applicable thereto: *Provided,* nothing herein shall be construed to abrogate any of the legal defenses of the ward according to law. Either party may demand a jury of six or twelve men, to try the issues, and it shall be the duty of the county or probate court when a jury is demanded to issue a venire to the sheriff of the county, to summon a jury to be composed of the number demanded. When a claim is filed in the county or probate court against the estate of a ward and it appears on the trial thereof, that such claimant is indebted to such ward, the said court may give judgment against the claimant, therefor, and execution may issue thereon in favor of the conservator or said ward: *Provided,* nothing in this section shall exclude the jurisdiction of other courts."

The sole question argued by counsel for the respective parties in this suit is as to the validity or constitutionality of the foregoing section, and that was the question before the circuit court. It is the claim of appellant that under the provisions of section 20 of article 6 of our constitution the legislature had no authority or power to pass section 55

of the statute. Section 20 of the constitution provides that "the General Assembly may provide for the establishment of a probate court in each county having a population of over 50,000 and for the election of a judge thereof, whose term of office shall be the same as that of the county judge, and who shall be elected at the same time and in the same manner. Said courts, when established, shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators, and settlement of their accounts; in all matters relating to apprentices, and in cases of the sales of real estate of deceased persons for the payment of debts." Section 5 of the act relating to probate courts defines their jurisdiction in substantially the same language as set forth in said section of the constitution.

There can be no question that prior to the passage of section 55 probate courts had no jurisdiction of such a claim as the one now in question, and this court expressly so held in *Morgan* v. *Hoyt,* 69 Ill. 489. The ground upon which that decision was placed was that there was no statute authorizing such a procedure by probate courts. The same holding and for the same reason was made in *Kingsbury* v. *Powers,* 131 Ill. 182, the proceeding in that case being the filing of a claim for allowance against a ward represented by a guardian. These cases are not directly in point on the question in this case. Said section of the constitution, as will be seen, does not in express terms prohibit the probate court from taking jurisdiction of a claim against an insane person or ward and settling the question of the validity of the claim by a trial, as provided in section 55. It places no express limitation upon the legislature legislating upon that subject but does define in general language the jurisdiction of the probate court. The real question in this case is as to whether or not said section of the constitution can be reasonably construed as a limitation or

prohibition against the legislation embodied in section 55 of the statute.

Generally speaking, constitutions are to be construed as frames of government or fundamental laws, and they generally deal with larger topics and in more general and broader terms than legislative acts. Their true and proper interpretation is not, therefore, always reached by the same technical construction as is applied to common law instruments or statutes. (*Brien* v. *Williamson, 7* How. (Miss.) 14; *Realty Investment Co.* v. *City of Mobile,* 181 Ala. 184; *Houseman* v. *Commonwealth,* 100 Pa. 222; *City and County of Denver* v. *Mountain States Tel. Co.* 67 Colo. 225; 1 Story's Com. 393.) It is said in Cooley's Constitutional Limitations (4th ed. p. 72) that narrow and technical reasoning is misplaced when it is brought to bear upon an instrument framed by the people themselves for themselves, and designed as a chart upon which every man, learned and unlearned, may be able to trace the leading principles of government. While these cautionary rules are to be regarded in the interpretation of constitutional provisions, the same authorities recognize the rule that words employed in the constitution are to be deemed as having their natural and ordinary meaning. This rule is well expressed by Chief Justice Marshall in *Gibbons* v. *Ogden,* 9 Wheat. 188, in these words: "The framers of the constitution, and the people who adopted it, must be understood to have employed words in their natural sense and to have understood what they meant."

In *Winch* v. *Tobin,* 107 Ill. 212, this court held that the provisions of section 20 of article 6 of our constitution, relating to probate courts, were broad enough to permit the legislature to invest probate courts with jurisdiction in proceedings by guardians to sell the real estate of their wards. It was fully recognized in that case that the constitution is a limitation upon the powers of the legislature and that the legislature possesses every power not delegated to some

302—6

other department or expressly denied to it by the constitution, and it was there said that there is no express inhibition in said section of the constitution against conferring upon probate courts the power to order sold, at guardian's sale, the real estate of minors. At the same time it was said that there is not any provision in this or any other section conferring in express terms the exercise of that power upon any other court. It was therefore determined that as there is nothing manifestly incongruous in the constitution entrusting such power to the probate court, and as the ordering of the sale of the real estate of minors at guardian's sale is a matter kindred to the jurisdiction already conferred on the court, there is no reason for saying that the legislature was denied the power to enact such legislation. This ruling was approved in *In re Estate of Mortenson,* 248 Ill. 520, in which it was said that the valid ground of the decision is that the constitution gives probate courts original jurisdiction of the appointment of guardians and settlement of their accounts, and that the application of a guardian to sell the real estate of his ward for his support, or for other good reason, was a kindred matter and often lodged in courts exercising probate jurisdiction. It was there pointed out that it was only by a very liberal construction of the constitution that the conclusion of the court was reached, because of the fact that said section of the constitution does not authorize the legislature, by general law, to give probate courts any further jurisdiction than that defined in that section, as does section 18 of the same article in fixing the jurisdiction of county courts. It was therefore further held that as the settlement of estates has no relation to the management of testamentary trusts, probate courts could not be invested by the legislature with such jurisdiction.

The original jurisdiction given by the constitution to probate courts is of all probate matters, the settlement of estates of deceased persons, the appointment of guardians

and conservators and the settlement of their accounts, of cases of sales of real estate of deceased persons for the payment of debts, etc. This jurisdiction cannot be extended by the legislature to other and different matters than those therein specified. Under our statute conservators have very large and extensive powers and duties with reference to the property of the unfortunates who are unable to care for and manage the same or to look after their families in case they have families. It is their duty to look after and manage all of their ward's property, to collect, lease and invest the same, where those powers and duties are applicable by reason of their wards having sufficient property to warrant the same. They are to represent them in all claims and suits by parties having claims against them, to defend against the same where a defense is advisable, to pay all claims against the wards that are just and authorized by the court who appoints them, and, in general, to look after and manage their wards' estates in as economical manner as good and prudent business men would look after their own. To properly discharge these duties a conservator ought not to make unnecessary expense in defending against just and legal claims against his ward, and in these matters the probate court must necessarily be his ultimate legal adviser and director. It is the duty of the probate court, when it has jurisdiction over a conservator, to see that he discharges all of his legal duties towards the ward's property and that he account fully for his acts and doings in that regard.

The particular section of the statute now in question provides that it shall be lawful for any person having a claim or demand against any person under conservatorship to file the same before the court, and on doing so he shall itemize and give the date of each item and claim and verify the same by his oath. It is manifest that as to all such claims filed in the probate court the court would have a much better opportunity to determine the duty of

a conservator after consulting him with reference to the advisability of a defense, and if such suits are prosecuted·in the probate court it would result, necessarily, in a very great saving and economy in the management of the ward's estate. In other words, it would aid very greatly the rendering of a proper and economical accounting by the conservator as to the ward's property,—the very matter which said section of the constitution gives the probate court jurisdiction of. The determination of every claim against the ward or his conservator is necessarily a determination of matters that should be accounted for by the conservator and in the very court that would occasion the least expense against the ward's property, and which would necessitate the cheapest character of litigation where the claims should be litigated. In other words, it would be a great aid to the proper and economical administration of the ward's property by the conservator and to a proper accounting for the same. Inasmuch as it is a jurisdiction that is not expressly prohibited by said section of the constitution and a kindred matter, and such as will directly aid in a proper accounting by the conservator, we think the legislature had the power to enact said statute, and that there is no limitation in said section of the constitution prohibiting the same.

We are unable to see in what way the fact that the insane ward was also an insolvent and that there are 1000 or more claimants that have claims against him can militate against the conclusion we have reached. It seems to us that those facts furnish very cogent reasons why the probate court should have the jurisdiction of which complaint is made. It would certainly not give claimants any more advantages over the ward than they now have, and ought even to be more satisfactory to the claimants by giving them a more economical and quicker way of having their claims disposed of.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*