(No. 24886.—

ROSE ROSEN *et al.* Exrs. Appellants, *vs.* ELKA ROSEN *et al.* Appellees.

*Opinion filed December 19, 1938.*

KRINSKY, LEVITAN & GLASSNER, (JAMES J. GLASSNER, of counsel,) for appellants.

EINAR C. HOWARD, guardian *ad litem,* for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

This is a direct appeal from an order of the probate court of Cook county, vacating a former order for the sale of real estate to pay certain legacies and dismissing appel-

lants' petition for want of equity. The sole question presented is the constitutionality of section 137 of the act relating to the administration of estates, (Ill. Rev. Stat. 1937, chap. 3, par. 139, sec. 137,) which provides that when it appears that a legacy provided by the will of decedent is a charge upon the real estate of the decedent and there is not sufficient personal estate out of which such legacy can properly be satisfied, the probate court may, upon the filing of a petition therefor by the executor, order the sale of the real estate upon which such legacy is a charge.

Section 20 of article 6 of the Illinois constitution provides that probate courts "shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators, and settlement of their accounts; in all matters relating to apprentices, and in cases of the sales of real estate of deceased persons for the payment of debts."

It is settled that the jurisdiction of probate courts is limited to the subjects enumerated in this section of the constitution, and cannot be extended by the legislature to other and different matters. *First State Bank* v. *Chicago Title and Trust Co.* 302 Ill. 77; *In re Estate of Mortenson,* 248 id. 520; *People* v. *Loomis,* 96 id. 377.

We must, therefore, determine whether "all probate matters" and "the settlement of estates of deceased persons" include the sale of real estate to pay legacies. In approaching this question it must be remembered that all presumptions are in favor of the validity of a statute, and, in doubtful cases, the doubt is to be resolved in favor of the law. (*Sutter* v. *People's Gas Light and Coke Co.* 284 Ill. 634.) The true and proper interpretation of a constitution is not always reached by the same technical construction as is applied to common law instruments or statutes. *First State Bank* v. *Chicago Title and Trust Co. supra.*

In *Winch* v. *Tobin,* 107 Ill. 212, we held constitutional a statute empowering probate courts to order the real estate

of minors to be sold at guardian's sale, as being included in "all probate matters." We said: "We may suppose the terms, 'all probate matters,' in the constitution, to be used in their broadest and most general sense. * * * The constitution does not undertake to define all the particular powers which courts may exercise. It marks out their general jurisdiction, and if, in the bestowal by the legislature of any special power, there be not palpable incongruity with the constitution, the legislative will may be deferred to. We need not scan words with critical nicety to see whether, in strict precision of language, the legislative definition of probate matters may have been accurate."

In the cases of *In re Mortenson, supra,* and *Frackelton* v. *Masters,* 249 Ill. 30, we held unconstitutional a statute conferring on probate courts jurisdiction of testamentary trusts, for the reason that "probate matters" and "settlement of estates" do not include testamentary trusts. We again stated that the words in the constitution were used in a broad and general sense. We said in *In re Mortenson, supra,* "The settlement of an estate, in legal significance and common understanding, is the process by which letters testamentary or of administration are granted, assets collected, claims allowed, debts paid, real estate sold if necessary for the payment of debts, and the property distributed to those who are entitled to it by the laws of descent or by the will." We held that such settlement had no relation to the management or execution of trusts. In *Frackelton* v. *Masters, supra,* we said "probate matters" mean matters pertaining to the settlement of estates of deceased persons. In *Dibble* v. *Winter,* 247 Ill. 243, we said that in common usage the word "probate" is often used as applying to any of the incidents of administration.

Bearing these principles in mind, we are of the opinion that the sale of real estate to pay legacies is a probate matter and is an incident to the settlement of the estate, as these terms are used in the constitution. It is admitted that

these legacies are a charge on the real estate and that the personalty is insufficient to pay the legacies. Thus, it is manifest that the estate cannot be settled until the real estate is sold for the purpose of paying the legacies. We hold that section 137 of the act relating to the administration of estates is constitutional. The order of the probate court is reversed and the cause is remanded, with directions to enter an order for the sale of the real estate in conformity with the views herein expressed.

*Reversed and remanded, with directions.*