The Commissioners of Union Drainage District No. 3

*v.*

The Commissioners of Highways of Township 40, etc.

*Opinion filed February 21, 1906.*

1. Appeals and Errors—*when cross-error need not be considered.* If none of the errors assigned by the plaintiff in error are sustained, so that the judgment below must, in any event, be affirmed, it is not necessary to consider cross-errors.

2. Same—*plaintiffs cannot complain of judgment in their favor.* In an action of debt by drainage commissioners against the highway commissioners of two towns jointly, if the court renders judgment for the entire debt against the commissioners of one town only, who were defaulted and who do not complain of the judgment, the plaintiffs cannot complain of the judgment, which is in their favor and in accordance with 'the pleadings, whether. it be right or wrong as between the defendants.

3. Highways—*when the highway commissioners may be sued jointly.* An action of debt against the highway commissioners of two towns jointly may be maintained if each of the defendants is liable for the entire debt, but not if they are each severally liable for only one-half or some other portion of the debt.

Writ of Error to the Circuit Court of DeKalb county; the Hon. Charles A. Bishop, Judge, presiding.

Carnes, Dunton & Faissler, for plaintiffs in error.

Jones & Rogers, and Hopkins, Dolph, Peffers & Hopkins, for defendants in error.

Mr. Chief Justice Cartwright delivered the opinion of the court:

Plaintiffs in error, who are drainage commissioners of a union drainage district which includes about one-fourth of the town of Cortland, in DeKalb county, and about one-half of the town of Virgil, in Kane county, dug an artificial ditch for the benefit of the district in draining the lands thereof, in an easterly and westerly direction across a public highway

on the town line between said towns, which is also the county line, and after notice to the commissioners of highways of said towns to construct a bridge across the ditch, proceeded to construct the same. They sued the commissioners of highways of both towns jointly, in an action of debt in the circuit court of DeKalb county, and alleged that they had dug said ditch, and by reason thereof it became necessary to construct the bridge for the protection of the ditch and the accommodation of public travel; that after due notice they had built the bridge, and that by force of the statute the defendants became liable to pay the cost thereof. A bill of particulars was filed showing the cost to be $426.05. The commissioners of the town of Virgil were defaulted and the commissioners of the town of Cortland filed three pleas: First, the general issue; second, *nul tiel* corporation; third, that the bridge was constructed upon the portion of the highway allotted to the town of Virgil by the joint action of the commissioners of the two towns. The plaintiffs took issue on the first and second pleas and demurred to the third. The decision of the demurrer was reserved to the trial, when the demurrer was overruled, and the plaintiffs elected to stand by it.

The issues were tried by the court without a jury, and at the trial there was no controversy as to the facts. The ditch was dug, as alleged, where there was no natural watercourse, and it was on a town and county line road which had been divided by the commissioners of the respective towns, and was on the part of the road allotted to the town of Virgil. Both parties presented propositions to the court and asked to have the same held as the law. At the request of the plaintiffs the court held that section 40½ of the act, to provide for drainage for agricultural and sanitary purposes, was constitutional; that there was authority of law for the drainage commissioners to sue the highway commissioners for the cost of building the bridge, and that as a matter of law, under the stipulated facts, the issue on the plea of *nul tiel* corporation should be determined in favor of the plaintiffs, but

220—12

the court refused to hold that the allotment to the town of Virgil of the portion of the road where the bridge was built did not operate to cast the burden of building the bridge on that town. The court refused to hold propositions tendered by defendants, the commissioners of highways of Cortland, to the effect that there was no warrant or authority in law, nor any valid statute, authorizing drainage commissioners to sue highway commissioners for the cost of building bridges necessitated by the digging of ditches across highways, and that an action would not lie and a judgment could not be rendered against highway commissioners necessitating the levying of a tax for its payment against the entire property of the town, to reimburse a drainage district embracing only a portion of the town for its expenditures for the construction of a bridge across a drainage ditch on the highway. The court entered a judgment in favor of the plaintiffs against the commissioners of highways of Virgil, who had been defaulted, for $426.05, the debt sued for and costs, and entered judgment in favor of the commissioners of highways of Cortland for their costs against the plaintiffs. Plaintiffs excepted to the judgment against them and have sued out a writ of error from this court to review the judgment.

The errors assigned on the part of the plaintiffs in error are, that the court erred in overruling the demurrer to the third plea, which alleged that the allotment cast the burden of building the bridge on the town of Virgil, and in refusing to hold the proposition of law which raised the same question; in giving judgment in favor of the commissioners of highways of Cortland; in refusing to give judgment in favor of plaintiffs, and in not rendering judgment against the two defendants jointly. The defendants in error have assigned as cross-errors that the court erred in holding the plea of *nul tiel* corporation in favor of plaintiffs, in holding said section of the Drainage act to be constitutional and valid and that there was warrant and authority of law for the suit,

and in refusing to hold the propositions of law presented by said defendants in error.

The question raised by the assignment of errors of plaintiffs in error is whether the defendants were jointly liable for the cost of the bridge, and their complaint is that judgment was not rendered against both. The questions under the assignment of cross-errors are, whether the holding of the court on the plea of *nul tiel* corporation was correct, and whether section 40½ of the Drainage act is a constitutional enactment as applied to a case of this character.

It appears by section 15*a* of the Drainage act that the corporate name of the plaintiffs in error is "Drainage Commissioners of Union Drainage District," etc., and the word "drainage" does not appear in the beginning of the name by which they brought the suit. As to the constitutional question, plaintiffs in error insist that the validity of the act was established by the decision in the case of *Heffner* v. *Cass and Morgan Counties,* 193 Ill. 439. There are material and important distinctions between that action of trespass for the alleged wrongful removal by drainage commissioners of a bridge over a natural water-course on or near a county line between two counties not under township organization, which were under a duty of maintaining a bridge over such water-course and where the object of removing the bridge was to provide for an increased flow of water in such water-course, and this action of debt for the recovery of the cost of a purely artificial ditch where no natural water-course ever existed and where there had been no bridge nor any duty to maintain one, and the ditch was for the sole and exclusive benefit of a drainage district constituting not more than three-eighths of the territory of the two towns, which is presumed by law to have been all the lands benefited by the ditch. It would only be necessary, however, to consider the cross-errors in case some error assigned by the plaintiffs should be sustained, so that the judgment would have to be reversed and the cause tried again. If the commissioners of

the two towns could not be sued in an action at law jointly for the cost of the bridge, and the judgment is for that reason correct, it must be affirmed, and the question whether errors were committed against the defendants is of no importance.

The suit was in debt and against the commissioners of both towns, charging them with a joint liability for the whole cost of the bridge. Such an action can only be maintained where each one of the defendants is liable for the entire debt, and if each defendant was only liable for half the debt, or any share or portion less than the whole, the suit could not be maintained. It is contended by plaintiffs in error that the defendants in error, the commissioners of the town of Cortland, are liable for one-half of the cost of the bridge, but it is not contended that they are liable for the whole. Even if the two towns are severally liable, each for one-half of the cost of the bridge, or if such cost is to be divided between the towns on an equitable basis, this action cannot be maintained. If the towns are severally liable in an action at law we cannot reverse the judgment to enable plaintiffs in error to maintain this suit. The commissioners of highways of Virgil were defaulted and judgment was rendered against them for the entire debt sued for. They do not complain of the judgment, and plaintiffs in error cannot complain of it, since it was in their favor and in exact accordance with the pleadings. Whether the judgment was right or wrong is not in question. If the suit might have been dismissed as to the commissioners of one town and the pleadings have been amended before judgment, it is too late to take that course now. Our conclusion is that there was no joint liability and that the judgment was necessarily right, and therefore if any errors were committed they were immaterial.

The judgment is affirmed.        *Judgment affirmed.*