William C. Bates, Appellant, v. The Drainage Commissioners of Lake Fork Special Drainage District in the County of Logan, Appellee.

Gen. No. 8,781.

Opinion filed January 12, 1934.

HAROLD F. TRAPP, for appellant.

COVEY & WOODS, for appellee.

336

Mr. Justice Fulton delivered the opinion of the court.

Appellant filed an action in case against appellee. The declaration consisting of a single count claimed damages for the negligent burning and destroying of appellant's property in the maintenance of the drainage district ditch. Appellee filed a plea of not guilty and a trial was had before a jury. At the close of appellant's proof the court, on motion of appellee, directed a verdict in favor of the drainage district, which was returned by the jury. Appellant's motion for a new trial was overruled and judgment was entered against him in bar of the action and for costs. The facts are not seriously in dispute and this appeal involves only a question of law.

The appellee drainage district was organized under the Farm Drainage Act, Cahill's St. ch. 42, ¶ 120 et seq., as a special drainage district and constructed its drainage ditch on right of way 99 feet in width across 80 acres of land belonging to appellant and thereafter maintained the said improvement. Appellant had about 18 acres of valuable hardwood timber on one side of the drainage ditch and five acres of clover on the other side adjoining the right of way belonging to the district. On November 19, 1930, one Sherman Peters, an employee of the district and acting under its direction, was engaged in cutting and burning brush and weeds on both sides of the said drainage ditch. On one side the fire spread from the burning weeds to the five-acre clover field and completely burned the clover. On the other side of the ditch the fire spread from the burning brush on the right of way to appellant's timber and burned a day or two without interruption. The timber was badly damaged, including a pile of 150 white oak posts and there was also burned 120 rods of woven wire fence of appellant which separated the timber tract from a pasture. The total loss claimed exceeded the sum of $600.

The controlling question of law raised is whether a drainage district organized under the Farm Drainage Act, Cahill's St. ch. 42, ¶ 120 *et seq.*, can in the performance of its duties, negligently and wrongfully damage and destroy the property adjoining its right of way without liability for such damage. Appellant contends that because of the constitutional provision that private property cannot be taken or damaged for public use without just compensation and the further provision that urges a remedy for every wrong and under the holdings of the Supreme Court of this State he is given a right of action under the facts proven in this case. Appellee relies chiefly upon the case of *Elmore v. Drainage Com'rs,* 135 Ill. 269, which held expressly that a drainage district was a mere public involuntary quasi corporation, and that there is no cor-porate liability to respond in damages to an individual injured by the negligent or wrongful act of its officers, agents or servants—in other words, that a drainage district was a governmental agency and in performance of its duties as such could not be held liable for negligence. It seems to us that this doctrine is not only modified but repudiated by the court in the case of *Bradbury v. Vandalia Levee & Drainage District,* 236 Ill. 36. It clearly holds that a drainage district is not a governmental agency and that the commissioners thereof do not have public duties thrust upon them *nolens volens.* Also that the organization of a drain- age district is for the sole and exclusive benefit of the territory within the district, citing *Commissioners of Union Drainage District No. 3 v. Commissioners of Highways of Township No. 40,* 220 Ill. 176. In the case of *Ringering v. Wood River Drainage & Levee District,* 212 Ill. App. 170, the court in relying on the *Bradbury* case held that drainage commissioners in adopting plans and specifications for drainage work act in a judicial or quasi judicial character, and hence are not liable for such acts, but when they undertook to carry

into effect such plans, they acted in a ministerial capacity and the drainage district was liable for the consequences of their acts, citing *City of Chicago v. Seben,* 165 Ill. 371, and *Johnston v. City of Chicago,* 258 Ill. 494. It seems to us that in burning off the weeds and brush on the right of way, the commissioners of the drainage district were pursuing their proprietary or private functions and are liable for damages caused by their negligent or wrongful acts.

There is no merit in the argument of appellee that appellant failed to make a prima facie case because it is nowhere shown in the record that Sherman Peters was ever employed by the district or was a servant of the same, inasmuch as the allegations of the declaration charged that the appellee, by its agent and servant, Sherman Peters, acting in the performance of his duties and the scope of his employment, was burning and cleaning the right of way, and in so doing negligently inflicted the injury upon the appellant, to which only the plea of not guilty was filed. The plea only denied the wrongful act alleged to have been committed and does not put in issue the question of agency. *Mueller v. Hayes,* 321 Ill. 275. If a railroad or individual had owned the right of way and committed the same acts as the appellee, they would have been liable for the consequent damage. In this case as the drainage district was acting in a ministerial capacity in maintaining its drainage ditch and right of way, it is not immune from a claim for damages arising from the torts of its agents. The judgment of the circuit court of Logan county is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*