In the Matter of Estate of Joseph J. Trapani, Jr., Deceased.
Catherine Trapani, Individually and as Executor of the Will of Joseph J. Trapani, Jr., Deceased, Petitioner-Appellant, v. Jo Anne M. Trapani, et al., Respondents-Appellees.

Gen. No. 11,201.

Second District, Second Division.
February 18, 1959.
Rehearing denied March 21, 1959.
Released for publication April 10, 1959.

John R. Snively, of Rockford, for appellant.

David Connolly, of Rockford, guardian ad litem and attorney for Joseph F. Trapani and Marilyn A. Trapani, minors, appellees.

JUSTICE CROW delivered the opinion of the court.

This is an appeal by Catherine Trapani, individually and as Executor of the Will of Joseph J. Trapani, Jr., deceased, petitioner-appellant, from an Order of February 27, 1958 of the Circuit Court of Winnebago County dismissing her appeal to the Circuit Court from an Order of February 14, 1957 of the Probate Court of Winnebago County.

It appears that Joseph J. Trapani, Jr. died testate on January 16, 1955, and his widow, Catherine Trapani, who had been appointed Executor under his Will, pursuant to her petition in the Probate Court for probate of Will etc., qualified as Executor and letters testamentary were issued to her June 27, 1956 upon the admission of the Will to probate. In addition to his widow, his heirs at law, devisees, and legatees were his children, Jo Anne M. Trapani, Joseph F. Trapani, and Marilyn A. Trapani. Jo Anne was an adult, and Joseph F. and Marilyn A. were and are minors. The children are the respondents-appellees herein. The minors appear by a guardian ad litem. So far as may be material, the decedent's Will gave, devised, and bequeathed all his property, equally, to his wife and children, and gave the Executor "full power . . . to compound or otherwise settle and adjust any and all claims, charges, debts and demands whatsoever against or in favor of my estate," and directed the Executor "to do each and every act and thing necessary or proper to the full and complete administration of this my last will and testament."

Joseph J. Trapani, Jr., the decedent, Guiseppe Trapani, his father, and Vincent Trapani, his brother, were partners in the Home Oil Co., of Rockford. They

21

were engaged in the wholesale and retail sale of gasoline, oil, and other products.

Catherine Trapani, the Executor of Joseph J. Trapani, Jr., deceased, as petitioner, filed, on August 31, 1956, a verified petition in the Probate Court in the decedent's estate, alleging the partnership of the deceased in the Home Oil Co.; that the partnership and the petitioner had caused an audit to be made of the books and records of the partnership as of the date of the death of Joseph J. Trapani, Jr.; that it appeared therefrom that the net worth of the partnership as of then was $164,608.51; that the decedent was entitled to a one-third interest and that the value of his interest was $54,869.50; that certain partnership real estate had been occupied by the decedent and his family, the cost of which real estate had been taken into account in determining the value of decedent's interest in the firm, and it had been agreed, subject to the approval of the Court, that, in addition to receiving the sum of $54,869.50, this particular realty, which was described, should be conveyed to the decedent's estate; and that the petitioner believed the value of decedent's interest in the partnership had been fully and fairly determined, and that it was to the best interests of the estate that she be authorized to accept the foregoing as a full settlement and payment of decedent's interest in the partnership, pursuant to Ch. 106½, Ill. Rev. Stats., 1955, par. 42. Two of the heirs, devisees, and legatees, Joseph F. Trapani and Marilyn A. Trapani, being minors, as indicated, a guardian ad litem was appointed for them, and answered the petition. A hearing was had on that petition, and on November 23, 1956 the Probate Court entered an order pursuant thereto, finding that it had jurisdiction of the parties and the subject matter of the cause; that the partnership was represented by counsel, the minor children were represented by their guardian ad litem,

and the Executor represented by her counsel; that the net worth of the Home Oil Co., as of the date of the death of the decedent, was $271,860.43; that the value of the interest of the decedent therein is $90,-620.14; that the decedent's estate should be found to be a general creditor of the partnership to the extent of $90,620.14, in accordance with the provisions of Ch. 106½, Ill. Rev. Stats., 1955, par. 42, being Section 42 of the Uniform Partnership Act; and ordering that the value of the interest of the decedent was $90,620.-14 and that the estate was a general creditor of the partnership in that amount. No appeal was taken from that order by anyone.

Following this, Catherine Trapani, Executor, then filed another verified petition December 11, 1956, in the Probate Court, this time for Authority to Compromise Claim of the decedent's estate against the partnership, alleging, in substance, that the Home Oil Co., did not have and at that time was unable to obtain sufficient cash with which to pay the general claim of $90,620.14, but that the partnership had offered to compromise and pay the claim by paying the decedent's estate a certain amount in cash, by conveying to the Executor certain described real estate, and by executing and delivering to the Executor certain installment notes, secured by a trust deed on certain realty, in certain amounts, and upon certain terms. The Petitioner-Executor alleged that she believed that it was to the best interests of the estate and of the beneficiaries under the Will that she be authorized, empowered and directed to accept the compromise and payment of the claim, as indicated, and that was the prayer for relief. This petition was set down for hearing, all parties except the partnership were given notice, a guardian ad litem was again appointed for the foregoing minors, notified, and answered the petition, and all adult parties in interest, including the partner-

23

ship, were represented by their respective attorneys. On February 14, 1957, an Order was entered by the Probate Court on, and in conformity with the prayer for relief of, and granting this petition of the petitioner, Catherine Trapani, Executor, finding that written notice had been given Catherine Trapani, individually, all the children, and the guardian ad litem, that Catherine Trapani and the adult child were represented by certain attorneys, the guardian ad litem had answered and was present, the partnership appeared by certain attorneys, and Catherine Trapani, as Executor, was represented by counsel, being other counsel than represented her individually, and finding the Court had jurisdiction of the parties and the subject matter.

Then an appeal was taken to the Circuit Court by the petitioner, Catherine Trapani, Executor, from the Order of the Probate Court of February 14, 1957 on that last petition. On January 30, 1958, in the Circuit Court, Marilyn A. Trapani and Joseph F. Trapani, respondents, minors, by their guardian ad litem, theretofore appointed by the Circuit Court, moved to dismiss the appeal of the petitioner Catherine Trapani, as Executor, for the following reasons:

1. "The order on petition for authority to compromise claim entered by the Probate Judge on February 14, 1957 was, in fact, a consent order entered by agreement of the parties, all of whom were represented by counsel.

2. "Said order was in the nature of a contract among the parties litigant, to which the Court gave its formal approval and without the consent of all parties the same cannot be opened, changed or set aside.

3. "Said order, being a consent order, cannot be reviewed by appeal.

4. "The appellant, Catherine Trapani, was the petitioner whose petition prayed for the adjudication

24

contained in said order of the Probate Court and she cannot be heard to complain of an order which she, herself, induced the Court to enter."

Also, on January 30, 1958, the petitioner Catherine Trapani, Executor, filed a motion in the Circuit Court in her appeal, to dismiss her petition theretofore filed in the Probate Court for authority to compromise the claim of the decedent's estate against the partnership, and that motion requested the Circuit Court to remand the cause to the Probate Court for the following reasons:

1. "The Court is without jurisdiction of the subject matter of the petition.

2. "The proposed compromise is contrary to law.

3. "The proposed compromise is not for the best interests of the estate or the beneficiaries.

4. "The acknowledgment was taken by a disqualified person.

5. "She was not fully advised relative to the petition."

The Circuit Court, on February 27, 1958, after hearing, which included the introduction of evidence, and after first denying the petitioner-appellant's motion and affidavit for continuance, denied the motion of the petitioner Catherine Trapani, Executor, to dismiss her petition for authority to compromise the claim against the partnership and remand the cause to the Probate Court, and allowed the motion of the minor respondents, by their guardian ad litem, to dismiss the appeal of the petitioner Catherine Trapani, Executor, from the Order of February 14, 1957, of the Probate Court.

Catherine Trapani, individually and as Executor of the Will of Joseph J. Trapani, Jr., deceased, the petitioner-appellant, filed then a Notice of Appeal to this Court, reciting that she "hereby appeals to the Appellate Court of Illinois, Second District, from the order entered in the above estate in the Circuit Court

25

of Winnebago County, Illinois, on the 27th day of February, 1958, dismissing the appeal to the Circuit Court from an Order of the Probate Court."

While this case has been pending in the Appellate Court, and before the hearing, the two minors, respondents-appellees, by their guardian ad litem, filed herein a motion, which was taken with the cause, to dismiss this appeal alleging that, although there was an order entered February 14, 1957 in the Probate Court authorizing Catherine Trapani, Executor, to accept some cash, some real estate, and certain trust deed installment notes of an aggregate value of $90,-624.14 in settlement of the partnership's indebtedness to the estate, subsequent to that order one of the two surviving partners, Guiseppe Trapani, has died, testate, and Letters Testamentary have been issued on his estate to the last surviving partner, Vincent Trapani, of the partnership, and that Vincent Trapani has filed in the Probate Court in this cause his offer, individually, and as executor of the estate of Guiseppe Trapani, to pay to the estate of Joseph J. Trapani, Jr., deceased, the partnership's indebtedness in full in cash, and the minor respondents-appellees allege this renders moot the order of February 14, 1957 of the Probate Court authorizing the Executor to accept some cash, some real estate, and certain notes in settlement of the partnership's indebtedness to the estate, and the appeal therefrom to the Circuit Court, and the appeal herein from the order of the Circuit Court dismissing that appeal. The petitioner-appellant has not filed herein any objections to that motion.

The petitioner-appellant's theory is that neither the Probate Court nor the Circuit Court on the appeal had jurisdiction of the subject matter of the two petitions filed by the Executor; that an Executor-Petitioner has the right to dismiss such a petition filed by her; that an order by consent or agreement must

26

so show on its face, the Court erred in admitting evidence relating thereto, and a guardian ad litem cannot consent to an order; that the request by the petitioner-appellant for a continuance should have been granted; and that it was the duty of the surviving partners to file in the decedent's estate an inventory of the assets of the partnership.

The minor respondents-appellees, by their guardian ad litem, take the position that the order of the Circuit Court allowing the motion to dismiss the appeal should be sustained for the reasons that the subject matter of this appeal has become moot and their motion in this Court to dismiss the present appeal should be allowed; the order of February 14, 1957 of the Probate Court was in the nature of a consent decree, was final, cannot now be challenged on appeal, and the petitioner-appellant is estopped from questioning the jurisdiction of the Court which she herself invoked, and she had no right to dismiss her petition for authority to compromise claim etc. because it had led to a consent decree; and the prior order of November 23, 1956 of the Probate Court was final and cannot now be challenged on this appeal.

██ The motion and affidavit for continuance of the petitioner-appellant had been filed the same date the Order was entered, February 27, 1958, after considerable evidence had already been taken on two prior occasions beginning January 9th, and, in substance, alleged she and the adult child, Jo Anne M. Trapani, were material witnesses, outlined what they would testify to if present, said the daughter was ill, and had been since January 8, and the petitioner had to be with the daughter. The guardian ad litem acquiesced that they would so testify if present. The Court considered such affidavit as proof, under the circumstances, and denied the motion. Previously, February 6, 1958, the Court had allowed a prior motion of the

27

petitioner-appellant for continuance and continued the case two weeks. Under Supreme Court Rule 14 there must be a showing in such instances that due diligence has been used to obtain the evidence, or the want of time to obtain it, and no motion for the continuance of a cause made after the case has been reached for trial shall be heard unless a sufficient excuse is shown for the delay: Ch. 110, Ill. Rev. Stats., 1957, par. 101.14. The disposition of the motion for continuance was a matter for the sound judicial discretion of the trial court: Widmayer v. Davis (1907) 231 Ill. 42; Benton v. Marr (1936) 364 Ill. 628. Under the circumstances we perceive no abuse of discretion in the trial court's denying the motion and concluding that a continuance was not necessary for the furtherance of justice.

It will be observed from the Notice of Appeal that this appeal to the Appellate Court concerns only the propriety of the dismissal order of February 27, 1958 of the Circuit Court dismissing the appeal of the petioner-appellant to that Court from the Order of February 14, 1957 of the Probate Court on the petitioner's petition for authority to compromise claim of the decedent's estate against the partnership. We are not concerned with the portion of the Order of the Circuit Court of February 27, 1958 which denied the petitioner-appellant's motion in the Circuit Court to dismiss her petition theretofore filed in the Probate Court for authority to compromise claim etc., there being no appeal therefrom, and hence the petitioner-appellant's point, authorities, and argument here in that regard to the effect she had an absolute right in the Circuit Court to dismiss, or have dismissed, the petition for authority to compromise claim etc. which she had filed in the Probate Court, are not before us or matters for our consideration.

Under the Constitution of 1870, Article VI, Section 20, Probate Courts—"shall have original jurisdiction

28

of all probate matters, the settlement of estates of deceased persons, . . . ." Under the act relating to Probate Courts, Ch. 37, Ill. Rev. Stats., 1957, par. 303, such courts—"shall have original jurisdiction in all matters of probate, the settlement of estates of deceased persons, . . ."

Section 42 of the Uniform Partnership Act, Ch. 106½, Ill. Rev. Stats., 1957, par. 42, so far as material, provides:—"When any partner . . . dies, and the business is continued . . . , without any settlement of accounts as between . . . his estate and the person or partnership continuing the business, unless otherwise agreed, . . . his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or . . . at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership: . . ." And Section 43 of that Act provides: "The right to an account of his interest shall accrue to any partner or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary." And Section 2 of that Act provides, so far as material: "In this Act 'Court' includes every court and judge having jurisdiction in the case. . . ."

Under the Probate Act, Ch. 3, Ill. Rev. Stats., 1957, pars. 340–343, so far as material, within sixty days after the death of a partner the surviving partner shall file a verified inventory of the assets of the partnership in the Probate Court where administration is pending on the decedent partner's estate, which shall state the value of the assets as shown by the books

of the partnership and a list of the liabilities thereof, and when there are goods and chattels of the partnership the surviving partner shall cause them to be appraised (par. 340); the surviving partner may continue in possession of the partnership estate, pay its debts, and settle its business, shall account to the estate of the decedent, and pay over such balance as may from time to time be payable, and the Probate Court may order the surviving partner to account to the Court (par. 341); if the surviving partner commits waste or it is for the best interest of the estate, the Probate Court may order the surviving partner to give security for the faithful settlement of partnership affairs and for the payment to the estate of any amount due (par. 342); and if the surviving partner fails to file the inventory, list of liabilities, or appraisal, or if it appears proper to order the surviving partner to account to the Probate Court, or to file a bond, the Court shall order a citation to issue, may commit the surviving partner, and under certain circumstances may appoint a receiver of the partnership (par. 343).

 It is occasionally said that the legislature derives its powers to create courts from Article VI of the Constitution, but that is not strictly accurate, because under our system of government the legislature is vested with all legislative powers not withheld or limited; Article VI is not a grant of power to the legislature, but is a limitation upon its inherent powers, and it may legislate upon any subject not withdrawn from its authority: Herb v. Pitcairn (1946) 392 Ill. 138. The real question here, as to jurisdiction of the Probate Court, is as to whether or not Article VI, Section 20, can be reasonably construed as a limitation or prohibition against the foregoing applicable portions of the legislation embodied in the Uniform Partnership Act and the Probate Act: First State Bank of Steger v. Chicago Title & Trust Co. (1922) 302 Ill.

30

77. The jurisdiction of Probate Courts is limited to the subjects enumerated in Article VI, Section 20, and cannot be extended by the legislature to other and different matters; the true and proper interpretation of a constitution, however, is not always reached by the same technical construction as is applied to common law instruments or statutes; the terms "probate matters" and "the settlement of estates of deceased persons" in that section are used in a broad and general sense; "probate matters" means matters pertaining to the settlement of estates of deceased persons, "probate" is often used as applying to any of the incidents of administration, and "the settlement of estates of deceased persons" is the process by which, among other things, assets of the estate are collected: Rosen v. Rosen (1938) 370 Ill. 173; Cf. First State Bank of Steger v. Chicago Title & Trust Co., supra; Howard v. Swift (1934) 356 Ill. 80; In re Estate of Mortenson (1911) 248 Ill. 520; Frackelton v. Masters et al. (1911) 249 Ill. 30.

In Andrews v. Stinson (1912) 254 Ill. 111, the Court held that the personal representatives of a deceased member of a partnership may adjust the affairs of the partnership with the surviving partners, and in the absence of fraud or mistake the settlement is conclusive upon the parties and all persons claiming through them; that the applicable provisions of the then Administration Act, which were similar to the foregoing provisions of the present Probate Act, Ch. 3, Ill. Rev. Stats., 1957, pars. 340–343, are practically cumulative and do not provide new remedies with reference to the closing up of the estate; that those provisions simply authorize the County Court (or Probate Court) to require an accounting and to preserve the property until such an accounting is had; that undoubtedly a County (or Probate) Court has the authority thereunder to require the surviving partners

to make an accounting; but if the surviving partners have already settled with the executor of a deceased partner's estate the County (or Probate) Court cannot compel them to make a further accounting to that Court unless there was fraud or mistake in the accounting and settlement.

In Wharf v. Wharf (1922) 306 Ill. 79, the Court held, among other things, that the settlement and accounting of a partnership's affairs, upon the decease of a partner, are to be had in the County Court (or Probate Court), and that, though the jurisdiction of that Court is not necessarily exclusive in the settlement of partnership estates, a Court of equity will only interfere when there is some equitable ground for such interference.

Pursuant to Section 42 of the Uniform Partnership Act, in the circumstances here involved, the deceased partner's legal representative as against the surviving partners "may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership," etc., and, pursuant to Section 43 thereof, the deceased partner's legal representative has "the right to an account of his interest" as against the surviving partners. It may occasionally, if not frequently, be necessary, or desirable, for the deceased partner's legal representative to resort to some court, for the purpose of carrying into execution those provisions of that act, and to have a judicial ascertainment of the value of the deceased partner's interest in the partnership, and a judicial order, decree, or judgment that he shall so receive as such ordinary creditor an amount equal thereto, or to have a judicial accounting and determination of such interest. The Uniform Partnership Act clearly contemplates the possible necessity, or desirability, of such judicial proceedings, and if such occurs

32

the act means that the proceedings shall be in any "Court" otherwise "having jurisdiction in the case": Section 2. That act does not forbid the Probate Court where administration is pending on the deceased part--ner's estate from entertaining such jurisdiction, if it otherwise has such, and making such judicial ascertainment, order, accounting, and determinations.

The provisions of the Probate Act, Ch. 3, Ill. Rev. Stats., 1957, pars. 340–343 requiring the surviving partner to file an inventory of the partnership in the Probate Court where administration is pending on the deceased partner's estate, and to have the goods and chattels of the partnership appraised, permitting him to continue in possession of the partnership, pay its debts, and settle its business, requiring him to account to the estate of the decedent and pay over balances payable, and authorizing the Probate Court to order him to account to the Court, to give security, to order a citation against him, to commit him, and to appoint a receiver of the partnership, clearly confer jurisdiction upon the Probate Court, or mean that it shall have and exercise jurisdiction, of the subject matter of the partnership so dissolved by the decease of one of its members and of the decedent's interest therein, and of the persons of the decedent's legal representative and the surviving partner or partners for the purposes thereof.

Those are matters pertaining to the settlement of the estate of the deceased partner, they are among the incidents of administration of that estate, and they are a part of the process by which the assets of that estate are collected. They are, therefore, properly "probate matters" and matters included in "the settlement of estates of deceased persons." The Act relating to Probate Courts, Ch. 37, Ill. Rev. Stats., 1957, par. 303 gives the Probate Court original jurisdiction thereof. Article VI, Section 20, of the Constitution

33

gives such Courts original jurisdiction thereof and does not prohibit the foregoing applicable portions of the legislation embodied in the Uniform Partnership Act and the Probate Act. So far as Article VI, Section 20, is concerned, there is nothing in those provisions of the Uniform Partnership Act or the Probate Act manifestly incongruous with the constitutional provision, and they directly aid in a proper collection and administration of, and accounting for, the assets of the deceased partner's estate by his personal representatives. The jurisdiction of the Probate Court may not necessarily be exclusive in all cases,—a Court of general equity jurisdiction may, under proper circumstances, also have jurisdiction,—but it cannot properly be said, as the petitioner urges, that a Court of general equity jurisdiction is the only Court having jurisdiction in the premises.

 The first petition in the Probate Court of the petitioner-appellant, as Executor of the deceased partner's estate, was for the purpose of carrying into execution the foregoing provisions of the Uniform Partnership Act, to have a judicial ascertainment of the value of the deceased's interest in the partnership, and to have a judicial order that the Executor shall receive as an ordinary creditor an amount equal thereto. In addition to the other considerations heretofore indicated, this was in accordance with any Executor's normal authority and duty to collect assets and with this Executor's express power and direction under the will to do everything necessary or proper to a full and complete administration. If jurisdiction of the persons of the heirs, devisees, and legatees, and the guardian ad litem for the minors was necessary, the Court had that, as well as jurisdiction of the persons of the surviving partners. The fact the surviving partners had not here filed a verified inventory of the assets of the partnership did not deprive the Probate

34

Court of jurisdiction of the subject matter or the persons of the surviving partners; none of the petitioner-appellant's cases hold it did or that such is jurisdictional; moreover, the surviving partners are not complaining on that account, and the petitioner-appellant Executor cannot now in this respect complain of that; she might at one time, under proper circumstances, have insisted in the Probate Court on that being done, but she evidently did not consider it necessary, apparently in view of the audit the Executor and partnership had had made of the partnership books and records, which, for all practical purposes, served the substantive purpose of an inventory. The order on that first petition of November 23, 1956 making such judicial ascertainment and directing that the Executor shall so receive such an amount as an ordinary creditor is res judicata of those matters. No appeal therefrom was taken by anyone. It cannot be collaterally attacked here. Though the Probate Court is a Court of limited jurisdiction, nevertheless when acting within the scope of its jurisdiction as liberal intendments will be indulged in favor of its judgments, and they are entitled to the same protection against collateral attack, as those of Courts of general jurisdiction: Chicago Title and Trust Co. v. Brown (1899) 183 Ill. 42; Illinois Merchants Trust Co. v. Turner (1930) 341 Ill. 101; Commissioners of Lincoln Park v. Schmidt (1946) 395 Ill. 316; no absence of jurisdiction to enter it appears on the face of the record: Cleary v. Chicago Title & Trust Co. (1954) 4 Ill.2d 57.

The petitioner-appellant's second petition in the Probate Court, as Executor of the deceased partner's estate related only to the payment or compromise of the previously determined amount and claim due the estate from the partnership, in which the petitioner-appellant, Executor, appears to be well aware of the amount due, raises no question as to that, and asks

35

simply that she be authorized to accept a certain compromise method of payment thereof. In addition to the other considerations previously indicated, that was also in accordance with the Executor's express powers and directions in the will to compound or otherwise settle and adjust any and all claims in favor of the estate. Furthermore, that would seem to be well in conformity to Section 215 of the Probate Act, Ch. 3, Ill. Rev. Stats., 1957, par. 368, that—". . . by leave of court without notice or upon such notice as the Court directs an executor . . . may compound or compromise any claim or any interest of . . . the decedent in any personal estate . . . ." The deceased partner's rights in specific partnership property, real estate, for example, vested on his death in the surviving partner or partners; the deceased partner's interest in the partnership, being his share of the profits and surplus, was personal property,—or personal estate,—and it is the value of that personal estate which was ascertained on the Executor's first petition and allowed as an ordinary creditor's claim against the partnership, and it is the compounding or compromising or payment of that claim or interest of the decedent in personal estate which was involved and determined on the Executor's second petition: Ch. 106½, Ill. Rev. Stats., 1957, pars. 24, 25, 26, 42; Wharf v. Wharf (1922) 306 Ill. 79; Swirsky v. Horwich (1943) 382 Ill. 468. And, again, if jurisdiction of the persons of the heirs, devisees, and legatees, and the guardian ad litem for the minors was necessary, the Court had that, as well as jurisdiction of the persons of the surviving partners. The order entered thereon of February 14, 1957 is, again, exactly in accordance with that petition and as the petitioner-appellant, Executor prayed. She urges she had no power of investment under the Will, or to lend money of the estate, and the Probate Court could not authorize her to do so,—

36

we do not perceive that any such questions are here involved,—that is not what was proposed or done.

Nowhere is there a charge, much less any proof, by the petitioner-appellant, Executor, of any fraud or mistake with reference to this compromise, and we cannot consider the general, vague allegations of conclusions in her motion in the Circuit Court to dismiss her petition in the Probate Court for authority to compromise claim, that "the proposed compromise is not for the best interests of the estate or the beneficiaries" and "she was not fully advised relative to the petition" as, under the circumstances, any sufficient allegation of fraud or mistake, or as intended as such.

Without determining whether or not a moot question has now been raised by reason of the facts alleged in the motion in this Court, and without determining whether or not the order of February 14, 1957 of the Probate Court on the petition of Catherine Trapani, Executor, to compromise and accept payment of the claim of the estate against the partnership was a consent order, we believe that the petitioner-appellant, being the very party whose own petition prayed for the exact adjudication set forth in that order, cannot now be heard to complain of that order which she herself induced the Court to enter, in the absence of any sufficient allegation of any fraud, or mistake, or any proof thereof. An appellant cannot complain of a judgment which is in her favor and in exact accordance with the pleadings and her prayer for relief: Commissioners of Union Drainage Dist. No. 3 v. Commissioners of Highways of Tp. 40 (1906) 220 Ill. 176; McDonald v. Shimeall (1917) 282 Ill. 42; if a party has not obtained all that he deems himself entitled to, he may appeal, but not when he receives all that he claims: Bullman v. Cooper (1936) 362 Ill. 469; where an Executor joins in trying, or initiates a trial of, a cause in the Probate Court, without any objection

to the jurisdiction of the Court, that conduct on the part of the Executor should estop her from later questioning the jurisdiction of the Court: Grier v. Gable (1895) 159 Ill. 29; in a civil suit not local in character, if a person voluntarily submits his rights to a Court of competent jurisdiction he is afterwards estopped to deny that jurisdiction which he has himself invoked: People v. Murray (1934) 357 Ill. 326.

The order of February 27, 1958 of the Circuit Court dismissing the appeal to the Circuit Court from the Order of February 14, 1957 of the Probate Court is correct, and will be affirmed.

Affirmed.

WRIGHT, P. J. and SOLFISBURG, J., concur.