In the Matter of the Estate of Joseph L. Costello, Deceased, The Chicago Heights National Bank, Petitioner-Appellant, v. Elvira M. Costello, Administrator of the Estate of Joseph L. Costello, Deceased, and Ralph Emery, Respondents-Appellees.

Gen. No. 50,555.

First District, Second Division.

June 21, 1966.

McGrane, Perozzi and Stelter, of Chicago Heights (Joseph J. McGrane and Joseph R. Perozzi, of counsel), for appellant.

Piacenti and Cifelli, of Chicago Heights, for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from the denial of a petition for citation filed by the Chicago Heights National Bank as a seventh class creditor of the estate of Joseph L. Costello and against Elvira M. Costello, administratrix of the estate and Ralph Emery, partner in the Regal Vending Machines Company, a business co-owned by Emery and the decedent.

Joseph L. Costello died August 5, 1963. On September 13 of that year his widow, Elvira M. Costello, was duly appointed administratrix of his estate.

On December 4, 1963, the appellant, Chicago Heights National Bank, filed a claim against the estate of Joseph L. Costello based on six promissory notes executed on various dates by the decedent. The seventh class claim of the bank was allowed by the court February 19, 1964, in the sum of $15,865.65 which sum included interest to date of $305.65. On January 27, 1964, one Edward Anderson was authorized to appraise the goods and chattels of the decedent. He did not appraise the partnership assets. A partnership inventory was filed by Ralph Emery as the surviving partner of Regal Vending Machines Company. The partnership inventory and the appraisal submitted by Edward Anderson were approved by the court February 7, 1964. This partnership inventory showed that the decedent had overdrawn his capital account in the sum of $5,611.95 and his total interest in the partnership assets to be $5,694.73. Ralph Emery's interest in the partnership was listed as $19,965.65.

There was no value assigned to good will in the partnership inventory.

On February 15, 1964, eight days after the court below approved the inventory, the appellant filed a petition for citation to issue against the administratrix and Ralph Emery. The petition alleged that information concerning property belonging to the decedent had been withheld and asked that certain records be produced for inspection and that certain interrogatories be answered by Mrs. Costello and Mr. Emery. It was also asked that the appellant or someone chosen by it be permitted to examine and audit the books of the partnership.

At the hearing on the petition the appellant produced a statement signed by the decedent June 30, 1963, shortly over a month before his death, which showed his interest in the partnership to be $16,034.40 rather than the $5,694.73 shown in the inventory. It should be observed at this point that the administratrix, Elvira M. Costello and Ralph Emery are sister and brother.

█ We believe the court below should have granted the appellant's petition. Ill Rev Stats, 1963, c 3, § 183 reads:

> "Upon the filing of a verified petition therefor, the probate court shall order a citation to issue for the appearance before it of any person whom the petitioner believes (1) to have concealed, converted, or embezzled or to have in his possession or control any personal property, books of account, papers, or evidences of debt or title to lands which belonged to a person whose estate is being administered in that court or which belongs to his estate or to his executor, administrator, guardian, or conservator . . ."

There is no question but that the Probate Division of the Circuit Court had the powers formerly given the Probate Court in this section. The defense of Elvira M. Costello and Ralph Emery is that the order of the Circuit Court

114

approving the partnership inventory filed by Emery is res judicata and not subject to attack by the appellant. As authority for this proposition they cite In re Estate of Trapani, 21 Ill App2d 19, 157 NE2d 83 (1959). We do not think that case is applicable to the case at bar. There the Probate Court had ascertained the value of the decedent's partnership interest; no one had appealed from that judgment. The matter was later raised in proceedings involving exactly the same parties as were before the court at the earlier date in a new proceeding concerning the administratrix's power to compromise a claim against the partnership. The court said during the course of its opinion:

". . . The order on that first petition of November 23, 1956 making such judicial ascertainment and directing that the Executor shall so receive such an amount as an ordinary creditor is res judicata of those matters. No appeal therefrom was taken by anyone. It cannot be collaterally attacked here." 21 Ill App2d 19, 35, 157 NE2d 83, 93.

This case, however, is manifestly different from that before the court in Trapani, supra. The appellant was not before the court when the inventory was approved; its claim was not allowed by the court until after that date. As was said in People v. Kidd, 398 Ill 405, 408, 409, 75 NE2d 851, 854 (1947), "When a former adjudication is relied upon as an absolute bar to a subsequent action, the only questions to be determined are whether the cause of action is the same in both proceedings, whether the two actions are between the same parties or their privies, whether the former adjudication was a final judgment or decree upon the merits, and whether it was within the jurisdiction of the court rendering it."
■ ■ As far as it appears from the record, the parties before the court when the partnership inventory was approved were the administratrix and the surviving

115

partner. This being so, the matter cannot be res judicata on the appellant. In addition, we note that rule 14.14 of the Circuit Court rules which covers the filing of inventories in the Probate Division provides in subsection (e) that a supplemental inventory shall be filed where assets have been improperly included in or excluded from a prior inventory. Clearly, this rule does not anticipate that the approval of an inventory in the Probate Division of the Circuit Court prevents an appropriate party from having a citation issue under section 183 of the Probate Act.

There is nothing in the statute or rules which prevents this appellant from having his motion granted in the Probate Division. The underlying intent to be derived from the Probate Act and the rules governing the Probate Division strongly suggest the court should have granted the motion of the appellant creditor.

■ A question has been raised concerning the fact that the inventory filed in the Probate Court did not provide any value for good will. Good will is not a tangible asset, and there is nothing which would require that the partnership list good will as an asset. Behn v. Shapiro, 8 Ill App2d 25, 130 NE2d 295 (1955). Had the partners agreed to set aside a certain sum as good will, one-half of this amount should have been included in the inventory.

For the reasons above given, the order of the Circuit Court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Order reversed and cause remanded with directions.

LYONS and BURKE, JJ., concur.