**Christian Hugener, d/b/a Chrijo Enterprises, Plaintiff-Appellant, v. Greider's Wooden Shoe, Inc., Defendant-Appellee.**

Gen. No. 10,989.

Fourth District.

April 1, 1969.

Browder, Anthony & Waaler, of Urbana (David B. Radley, of counsel), for appellant.

Webber & Welsh, of Decatur (Michael J. Kehart, of counsel), for appellee.

TRAPP, P. J.

Plaintiff's complaint, as amended, was dismissed upon defendant's motion. Plaintiff elected to stand upon his complaint, judgment in bar was entered and he appeals.

Attached to the complaint was a copy of a written contract for the services of musicians to be supplied by plaintiff, at specified times for specified rates during an indefinite term subject to thirty days' notice of termination of either party. The contract was executed by plaintiff and as The Wooden Shoe by Joy Toler, designated the "employer." The allegations at issue include: That the defendant employed Toler as a representative authorized to make contracts; that plaintiff had no knowledge and no reason to believe that Toler was acting as agent for defendant until after judgment had been obtained, it is said by default, against Toler; that defendant has refused performance tendered by plaintiff, although the latter has, at all times, been ready, willing and able to perform; that defendant has given no notice of termination of the contract as provided therein; that the judgment obtained against Toler has not been satisfied, in part or otherwise; that plaintiff has attempted to mitigate damages but has been unable so to do; and the defendant has refused plaintiff's demands for payment. A sum of damages is alleged for breach of contract.

Defendant's motion to dismiss asserts that the complaint fails to state a cause of action; that the complaint shows, upon its face, that the contract was not signed by or on behalf of the defendant corporation; that the cause of action was merged into plaintiff's judgment against Toler so that it is barred by res judicata and cannot now be asserted against defendant.

99

The record does not show any memorandum by the trial court specifying issues which are the basis of his order and judgment.

The complaint does state a cause of action. Auto Parts Co. v. Roberts, 194 Ill App 417. In that case the trial court found that defendant was an undisclosed principal whose agent had entered into a contract with plaintiff, and that plaintiff had obtained a judgment against the agent while in ignorance of the existence of the principal. This judgment remained unsatisfied. The Appellate Court affirmed the trial court's conclusion that neither the bringing of the action against the agent, nor the obtaining of an unsatisfied judgment, barred the action against the principal. The rule is stated to be that only where the plaintiff has full knowledge of the facts of the agency is there an election to abandon the claim against the principal, so that the action was not barred. The opinion cites Ferry v. Moore, 18 Ill App 135, and Mussenden v. Raiffe, 131 Ill App 456, among other cases. See cases collected in 119 ALR 1319, 1324. Roberts was cited with approval in Longo v. Lewis, 252 Ill App 401. Such Illinois rule is that adopted in Restatement of The Law, Agency 1933, Ch 6, § 210 (b), and the Comment following the section notes that a party has no opportunity to make an election as between the agent and the undisclosed principal until the latter has been identified. To the same effect, see Restatement of The Law, Judgments, Comments, § 100, concerning alternative claims.

■■ Defendant's claim that plaintiff's right of action upon the contract was merged in the judgment against Toler is not appropriate and does not support the dismissal of this action. By such doctrine of merger plaintiff's rights under the contract would have been merged into the judgment against Toler so that plaintiff could

bring no further action upon the contract. Restatement of The Law, Judgments, § 47; 23 ILP, Judgments, § 341. Defendant, however, was not a party to the action wherein plaintiff obtained a judgment against Toler. In re Estate of Costello, 72 Ill App2d 112, 218 NE2d 769. Similarly, there is no bar arising upon the doctrine of res judicata. Although concerning the same contract, the cause of action in this case is distinct and independent from that upon which judgment against Toler was obtained. In this case the cause of action includes the issue as to whether or not Toler executed the contract as agent of defendant, an undisclosed principal. Such issue has not heretofore been determined or passed upon. Cohen v. Schlossberg, 17 Ill App2d 320, 150 NE2d 218; Davis v. Robinson, 374 Ill 553, 30 NE2d 52. Different proof is required in this cause of action than was required in the action against Toler. Renner v. Greathouse, 12 Ill App2d 338, 139 NE2d 825.

Subject to necessary proof, the liability of the defendant upon the contract is alternative to the liability of Toler. Limousine & Carriage Mfg. Co. v. Shadburne, 185 Ill App 403; Heywood Brothers & Wakefield Co. v. Andrews, 89 Ill App 195; Mawer-Gulden-Annis, Inc. v. Brazilian & Columbian Coffee Co., 49 Ill App2d 400, 199 NE2d 222. By the weight of authority, plaintiff, in suing and obtaining a judgment against Toler, has not made such an election to proceed against the agent as would bar this action against defendant as principal. Ferry v. Moore, 18 Ill App 135; Auto Parts Co. v. Roberts, 194 Ill App 417.

■ A party seeking to invoke a prior judgment as a bar to an action against him must show with reasonable certainty that there was a final adjudication on the merits, that such adjudication could be a bar to a subsequent action against defendant, and that there was an

identity of parties and causes of action. Brownell v. Quinn, 47 Ill App2d 206, 197 NE2d 721.

Defendant argues that the complaint shows, upon its face, that the contract was not signed by or on behalf of defendant corporation. Such basis for dismissing this complaint disregards summarily the rights of a party against an undisclosed principal who has had the benefit of a contract made by his agent.

Plaintiff argues that the contract attached to the complaint as an exhibit pursuant to c 110, § 36, Ill Rev Stats 1967, is inconsistent with the allegations of the complaint, that the terms of the contract prevail over the allegations of the complaint and control the proceeding so that no cause of action is stated. Suffice to say it is not alleged that defendant executed the contract in its own behalf. The allegation is that Toler executed the contract as agent for an undisclosed principal and without disclosure of her agency. There is thus no valid claim of discrepancy between the allegations of the complaint and the language of the contract within the rule of Divco-Wayne Sales Financial Corp. v. Martin Vehicle Sales, 45 Ill App2d 192, 195 NE2d 287.

The complaint at issue states a cause of action. The judgment of the court below is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

SMITH and CRAVEN, JJ., concur.